**Melissa Donna Corns RIOJAS and Leila Bell Alaniz, Appellant,**

v.

**PHILLIPS PROPERTIES, INC., Appellee.**

**No. 13–90–452–CV.**

Court of Appeals of Texas, Corpus Christi.

June 12, 1991.

Rehearing Overruled Feb. 20, 1992.

Dissenting Opinion of Justice Hinojosa Feb. 20, 1992.

Martin E. Morris, Katie Pearson Klein, Dale & Klein, Pharr, Sidney R. Meadows, Freeland & Meadows, McAllen, Roy S. Dale, Cynthia M. Villavueva, Dale & Klein, Pharr, for appellant.

Leo C. Salzman, Adams & Graham, Charlie J. Cilfone, Susan Allen, Roger W. Hughes, Adams & Graham, Harlingen, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a dram-shop type suit which arose from an automobile collision in which appellants, Melissa Riojas and Leila Alaniz, were injured when their vehicle was allegedly struck by a vehicle driven by Rolando Garcia. Appellants sued appellee, Phillips Properties, Inc., the business where Garcia allegedly purchased alcohol prior to the collision. The trial court granted summary judgments favorable to Phillips based on limitations and no cause of action. Appellants appeal by four points of error. We affirm in part and reverse and remand in part.

The pleadings and evidence show that on or about April 14, 1986, Melissa Riojas (a 16–year–old girl at the time of the accident) was operating an automobile on North Sugar Road near Pharr, Texas. Her mother, Leila Alaniz, was a passenger. While Riojas was turning left at an intersection, Rolando Garcia's vehicle struck their vehicle

from the rear, causing injuries to Riojas and Alaniz. They asserted that Garcia was negligent in operating his vehicle while under the influence of alcohol. They filed suit against Garcia about a year and a half after the accident (September 22, 1987). The appellants asserted that they did not discover that the causation for the collision extended from Garcia to Phillips until they took Garcia's deposition on May 24, 1988 (about 25 months after the accident). On that date, they learned that Garcia may have been or was intoxicated at the time of the collision and that immediately before the accident, Garcia, while under the influence of alcohol, purchased alcohol from "The Drive Thru," a business operated by Phillips. The appellants asserted that they used reasonable diligence in making this discovery. They filed an amended petition against Phillips 2 years and 3 months after the accident (July 27, 1988). Appellants asserted that limitations was tolled from April 14, 1986 (the collision date), to May 24, 1988, the date of Garcia's deposition because they did not know of appellee's connection to the accident until that later date.

Phillips in its motion for summary judgment alleged that the Texas Civil Practice & Remedies Code § 16.003(a) barred the suit and that the appellants did not allege a claim for which relief could be granted because they did not affirmatively indicate compliance with the limitations statute. In their response, the appellants argue that limitations was tolled until May 24, 1988, the date on which they discovered that Phillips' actions constituted a proximate cause of the collision which caused their damages. The appellants contend that they exercised reasonable and due diligence in attempting to discover Phillips' existence and identity. Before taking Garcia's deposition, they could not discover and had no reason to believe that Phillips had a causal connection to their damages. In addition, appellants further responded that Melissa Riojas did not turn eighteen until April 17, 1987, and that limitations was tolled in her favor until April 18, 1989. The trial court granted Phillips' first motion for summary judgment only against Leila Alaniz.

Phillips in its second motion for summary judgment alleged that Melissa Riojas did not state a cause of action because she alleged a dram-shop violation. Her injuries occurred on April 14, 1986, well before a dram-shop cause of action was recognized in Texas. The legislature enacted § 2.02 of the Texas Alcoholic Beverage Code,[1] which recognized dram-shop violations. Riojas' response alleges that Texas courts, prior to the enactment of § 2.02, recognized that an alcoholic beverage licensee owed a duty to the public not to serve alcohol to a person when the licensee knew or should have known that the person was intoxicated. The trial court granted summary judgment against Melissa Riojas.

■ In reviewing a summary judgment record, this court must determine whether a disputed material fact issue exists that would preclude a summary judgment. *Gonzalez v. Mission American Insurance Co.*, 795 S.W.2d 734, 736 (Tex.1990); *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984). Every reasonable inference must be indulged in the non-movants' favor, and any doubt resolved in their favor.

---

1. Tex.Alco.Bev.Code Ann. § 2.02 (Vernon Supp. 1991) provides, in pertinent part:

. . . . .

(b) Providing, selling, or serving an alcoholic beverage may be made the basis of a statutory cause of action under this chapter and may be made the basis of a revocation proceeding under Section 6.01(b) of this code upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

Section 2.03 establishes that the liability of providers under sections 2.01–2.03 for actions of their intoxicated customers is in lieu of the common law or other statutory duties imposed on alcoholic beverage providers. Chapter 2 of the Alcoholic Beverage Code, enacted June 1, 1987, did not govern actions arising before its effective date of June 11, 1987, and thus did not control the disposition of *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987). 1987 Tex. Gen.Laws, ch. 303, § 9 at 1675.

*Wilcox v. St. Mary's University,* 531 S.W.2d 589, 593 (Tex.1975). The question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of the plaintiff's cause of action, but whether the summary judgment proof establishes that the movant is entitled to summary judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970); *Tucker v. Atlantic Richfield Co.,* 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied).

By points one and two, Leila Alaniz complains that the trial court erred in granting summary judgment against her because of the discovery rule and because Phillips did not prove that she and Melissa Riojas did not use reasonable care and diligence in discovering the cause of their injuries.

■ The primary purpose of limitations statutes is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). For a suit to be timely under the two-year statute, it must be commenced within two years following the date the cause of action accrues. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986). For the purposes of application of limitations statutes, a cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). In personal injury actions, this means when the wrongful act effects an injury, regardless of when the claimant learned of the injury. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). An exception to this rule of accrual has been applied in some situations in which a claimant was unable to know of his injury at the time of actual accrual; the exception is known as the "discovery rule." *Robinson,* 550 S.W.2d at 19.

■ The appellants urge this court to adopt the discovery rule in this case. The discovery rule is a judicially constructed test used to determine when a plaintiff's cause of action accrued. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex. 1990); *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977). When applied, the rule operates to toll the running of the limitations period until the time that the claimant discovers, or through the exercise of reasonable care and diligence should discover, the nature of the injury. *Moreno,* 787 S.W.2d at 351; *Weaver,* 561 S.W.2d at 793–94.

The supreme court in *Moreno* has applied the discovery rule to a limited number of cases, including medical malpractice cases, in which the plaintiff did not and could not know of the injury at the time it occurred.[2] In *Robinson,* the supreme court stated:

Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfor-

---

2. *See e.g., Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988) (Limitations for legal malpractice actions does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of his cause of action.); *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984) (An action for permanent damages to land accrues upon the discovery of the first actionable injury and not on the date when the extent of the damages to the land are fully ascertainable.); *Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex.1976) (Limitations for libel on one's credit reputation by publication of a defamatory report to a credit agency begins to run when the person defamed learns of, or should by reasonable diligence have learned of, the existence of the credit report.); *Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972) (An action for negligent performance of a vasectomy accrues when the plaintiff discovers or should have discovered that he remains fertile); *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967) (A negligence action against a physician for leaving a sponge in a patient's body accrues when the patient learns of, or in the exercise of reasonable care and diligence, should have learned of the sponge's presence.); *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438, 440 (1940) (Limitations for fraud begins to run from the time the fraud is discovered, or could have been discovered by the defrauded party by the exercise of reasonable diligence.).

tunate, occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of stale or fraudulent claims, must be kept in mind.

*Robinson,* 550 S.W.2d at 20.

 The facts of this case do not square with the limited exceptions to the general rule of accrual created by the supreme court. This is not a case in which Leila Alaniz did not and could not know of her injuries at the time they occurred (she waited 25 months before taking the deposition of the principal actor when she said she discovered the cause of action against appellee). The discovery rule does not apply in such cases. The general limitations rule does apply. To recapitulate: Alaniz knew on the date of the collision (April 14, 1986) that she had been injured. On that date, the stage was set for the adjudication of legal liability. Limitations appropriately commenced to run from the time of the allegedly wrongful conduct, which coincided with the injury and its discovery. It is a well-settled rule that additional defendants in a tort action brought in by amendment when the statute of limitations has run in their favor may plead the statute notwithstanding the action against the original defendant was commenced within the limitations period. *Annot.* 8 A.L.R.2d 120 (1949). Due diligence is not an issue in this case because the discovery rule does not apply.

 The appellants contend that the open courts provision of the Texas Constitution prevents limitations from barring their suit against Phillips. This argument was not presented to the trial court before it granted the summary judgments. Constitutional challenges not expressly presented to the trial court by written motion, answer or other response will not be

considered by the appellate courts as grounds for reversal. *City of San Antonio v. Schautteet,* 706 S.W.2d 103, 104 (Tex.1986); *Sanchez v. Memorial Medical Center Hospital,* 769 S.W.2d 656, 660 (Tex. App.—Corpus Christi 1989, no writ). We therefore hold that since Alaniz did not file suit against Phillips until July 27, 1988, the two-year limitations statute barred her suit against Phillips.

Although Melissa's cause of action was tolled until she was 18 years old, by point three, Melissa Riojas complains that the trial court erred in granting summary judgment based on no dram shop cause of action. In *El Chico Corp. v. Poole,* 732 S.W.2d 306 (Tex.1987), two wrongful death and survival actions (both accruing in 1984) were submitted together to determine whether a person injured by an intoxicated driver could recover from the alcoholic beverage licensee who allegedly sold intoxicants to the intoxicated driver in violation of the Texas Alcoholic Beverage Code. The supreme court ruled that a licensee could be held liable for serving alcoholic beverages to persons who were already intoxicated. The court based this liability on a breach of a duty defined by both general common-law principles and the violation of § 101.63(a) of the Texas Alcoholic Beverage Code.[3]

 Phillips argues that *El Chico* should not be applied retrospectively. The general rule is that a decision of the supreme court is retrospective in operation. *Burns v. Thomas,* 786 S.W.2d 266, 267 n. 1 (Tex.1990); *Sanchez v. Schindler,* 651 S.W.2d 249, 254 (Tex.1983). Exceptions are recognized when considerations of fairness and policy preclude full retroactivity. *Sanchez,* 651 S.W.2d at 254. Resolution of the issue hinges primarily on the extent of public reliance on the former rule and the ability to foresee a coming change in the law. *Sanchez,* 651 S.W.2d at 254. *See In re S/S Helena,* 529 F.2d 744, 754 (5th Cir.1976); *City of Farmers Branch v. Matsushita Electric Corp.,* 537 S.W.2d 452,

---

**3.** Pursuant to Tex.Alco.Bev.Code Ann. § 101.-63(a) (Vernon 1978), "A person commits an offense if he knowingly sells an alcoholic beverage to an habitual drunkard or an intoxicated or insane person."

454 (Tex.1976). Before *El Chico,* Texas followed the common-law rule that a purveyor of alcoholic beverages was not liable for damages sustained by third persons resulting from a patron's intoxication. In abolishing the rule of non-liability, the *El Chico* court noted that of fifty American jurisdictions (including the District of Columbia and excluding Texas), a civil cause of action existed in forty-one jurisdictions with a substantial majority basing the cause of action upon the common-law principles of negligence, negligence *per se,* or both. In dram-shop cases, it seems very unlikely that the negligent purveyor of alcoholic beverages would be influenced by the old common-law rule of non-liability and that he could not foresee a change in the law on the horizon. We sustain the point of error. Due to our disposition of point three, we need not address the merits of point four. Tex.R.App.P. 90(a).

We AFFIRM the summary judgment against Leila Alaniz. We REVERSE the summary judgment against Melissa Riojas and REMAND that part of the cause of action to the trial court for trial.

GILBERTO HINOJOSA, Justice, dissenting.

I respectfully dissent. After further consideration, I would grant appellant's motion for rehearing, and reverse and remand this cause. Compelling reasons for so doing have been advanced. Justice will be best served by applying the discovery rule in dram shop actions because it is often impossible or very difficult to discover the facts supporting such a cause of action. This case should also be reversed because the plaintiff's pleadings raised the Open Courts Provision of the Texas Constitution as a defense to limitations, and the defendant did not negate it as a matter of law.

## I. FACTS

The plaintiffs' pleadings alleged that their car was struck from behind by a vehicle driven by Rolando Garcia on April 14, 1986. Plaintiffs were seriously injured, suffering broken bones, fractures, and contusions. They filed suit against Garcia and others on September 22, 1987, claiming that Garcia failed to exercise care in the operation of his vehicle in numerous respects, including that he was intoxicated at the time of the accident.

Plaintiffs noticed Garcia several times for deposition. The first deposition was scheduled on March 30, 1988, a date less than two years after the accident. This deposition, and the second were canceled. At the third deposition, which was scheduled on May 24, 1988, Garcia finally appeared. This date was more than two years after the accident.

At the deposition the plaintiffs discovered that soon before the accident Garcia purchased beverages containing alcohol from appellee, a drive-through dram shop, at a time when he may have been visibly intoxicated. Thus, the deposition, which had been repeatedly delayed,[1] was the first point in time that the plaintiffs actually discovered the cause of action against Phillips.

The trial court granted summary judgment. It held the facts admitted in plaintiffs' pleadings established appellee's limitations defense as a matter of law.

The majority, in affirming the trial court's granting of summary judgment, holds that the "legal injury rule" rather than the "discovery rule" should apply in all dram shop cases. It suggests however that, even if the discovery rule applies, the statute of limitations begins to run when the plaintiff discovers the nature of his injury; in this case, at the time of the automobile accident when plaintiffs were injured. I would hold that, applying the proper test for determining which rule should apply, the nature of the class of cases involving the sale of alcoholic beverage to obviously intoxicated persons by a

---

1. There is no summary judgment evidence establishing the reason for the delay. Because this is a summary judgment, all reasonable inferences must be indulged in favor of the non-movant, in this instance, the plaintiffs. The reasonable inference that favors the plaintiffs is that the deposition was delayed through no fault of their own.

dram shop requires that the discovery rule should apply. I would further hold that under the discovery rule the statute of limitations would not begin to run until the plaintiff discovers the injury *and* its cause. Under this analysis the discovery rule would require that the summary judgment be reversed because appellee failed to prove as a matter of law that the plaintiff discovered, or should have discovered, the accident's cause within two years before suit was filed.

## II. THE DISCOVERY RULE SHOULD APPLY TO DRAM SHOP ACTIONS

The legal injury rule and the discovery rule are the two rules courts apply in determining when a cause of action accrues and the limitations period begins to run. Under the legal injury rule a cause of action accrues at the first moment facts come into existence which authorize recovery, regardless of whether the plaintiff is aware of these facts. *Houston Water Works v. Kennedy*, 70 Tex. 233, 8 S.W. 36, 37–38 (1888). This is an objective test. Applying this test, the cause of action almost always accrues when the negligent act effects an injury. This is true because in most, if not all, negligence cases, the last event which completes the cause of action necessarily is the injury. *See e.g. Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967).

The discovery rule is composed of both objective and subjective components. Under this rule the cause of action accrues when the plaintiff either actually knew or a reasonable person in the same situation should have known of the facts supporting each element of the cause of action. *See Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex.1988). If this rule of accrual applies, a cause of action may accrue when facts supporting injury, causation, and all other elements of the cause of action are (or should have been) discovered. *Willis*, 760 S.W.2d at 645; *Allen v. Roddis Lumber Co.*, 796 S.W.2d 758, 760–61 (Tex.App.— Corpus Christi 1990, writ denied) ("a cause

of action accrues when the plaintiff discovers the injury and its cause.").

Viewed objectively, the facts supporting the plaintiffs' dram shop action against appellee for personal injuries came into existence at the time of the accident. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 314 (Tex. 1987). Specifically, the cause of action came into existence when: 1) Phillips allegedly breached its duty not to sell alcoholic beverages to Garcia at a time when Phillips knew or should have known Garcia was intoxicated, and 2) the sale and Garcia's resulting intoxication contributed to causing the accident and the plaintiff's injury. If the legal injury rule is applied the cause of action accrued at the time of injury and this action is barred. *See Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Houston Water Works*, 8 S.W. at 37–38.

Appellant's petition, which is uncontroverted, alleges two crucial facts: 1) that the accident occurred more than two years [2] before suit was filed against appellee; and 2) that the plaintiffs did not know, and reasonably could not know, that the dram shop caused their injuries until less than two years before suit was filed against appellee. The cause of the injury, i.e., the sale, is an essential element of the cause of action. *See El Chico*, 732 S.W.2d at 313 (to complete a cause of action the plaintiff must prove that the dram shop proximately caused plaintiff's injuries). If this was not discovered, and reasonably should not have been discovered until a time less than two years before suit was filed, then under the discovery rule the action is not barred by limitations."

The issue presented is whether the discovery rule applies to an *El Chico* (i.e. dram shop) cause of action. I believe it should because this type of action is inherently difficult to discover, and failure to apply the discovery rule to this type of case will often result in great injustice.

Whether the discovery rule or the legal injury rule applies to a particular case is determined by certain characteristics inherent in that type of case. *See Fernandi v.*

---

**2.** The two year limitations period applies because this is a cause of action for personal

injuries. TEX.CIV.PRAC. & REM. CODE ANN. § 16.-003(a) (Vernon 1990).

*Strully,* 35 N.J. 434, 173 A.2d 277, 285 (1961), *followed in Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990) and *Willis,* 760 S.W.2d at 642. Thus, certain characteristics of a class of cases must be examined by the court to determine which rule is best suited for that class. *Fernandi,* 173 A.2d at 285. In deciding whether to apply the discovery rule to a class of cases, characteristics of the case at bar are only relevant to the extent they are shared with other members of that class.

In determining whether the discovery rule should apply to a particular class of cases, the Supreme Court of Texas has balanced the legitimate purposes of limitations against the injustice created by barring the suit. On one hand, limitations statutes further the policy of repose by forcing plaintiffs to bring suit quickly to avoid the bar. This permits defendants to defend with fresh evidence and available witnesses. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990); *Willis,* 760 S.W.2d at 644.

On the other hand, in cases in which it is difficult or impossible for a plaintiff to ascertain the true facts establishing the elements of the cause of action, the discovery rule applies. This is particularly true if the legal injury rule compels unjust results because limitations bars the action before it can be discovered. *See e.g. Willis,* 760 S.W.2d at 645 ("This court has adopted the discovery rule in cases other than legal malpractice in which it is difficult for the injured party to discover the negligent act or omission."); *Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex. 1967).

For example, in *Gaddis,* the Court wrote: "the disadvantage to the defendant (of the discovery rule) is overbalanced by the shocking results of the contrary rule which would bar a plaintiff from recovery when he could not know of the wrongful act until

after the period of time prescribed by the statute of limitations had run." *Id.* at 581. The Court reasoned that the discovery rule generally should apply in cases in which the plaintiff cannot know of the wrongful act until after the limitations period has expired. Such a result was properly described as "shocking" by the *Willis* Court. *Willis,* 760 S.W.2d at 645. This unjust situation is precisely the one plaintiffs will face in many dram shop actions. Thus, the discovery rule should apply.

A. Dram shop actions are difficult to discover and application of the legal injury rule is unjust.

The beverage seller's negligent act as a breach of duty and cause of injuries to the plaintiff will be difficult to discover in many, if not most dram shop actions. This is true because in most cases, information forming the basis of the cause of action can only come from the negligent, and potentially uncooperative driver. If the intoxicated driver is uncooperative, leaves the scene of the accident, is incapacitated, or dies, it will be very difficult, if not impossible, to discover the true facts supporting the cause of action against the beverage seller. Due to the nature of the tort, these events are quite likely to occur often in dram shop cases. The solution to this problem is to apply the discovery rule in all dram shop cases.

The instant case presents a good example. The driver did not cooperate and appear for depositions despite repeated requests.[3] Without him, the plaintiffs had no other source of information implicating the defendants.

Other issues likely to arise in the typical dram shop action will present even more severe discovery problems for plaintiffs.

A drunk driver's actions are criminal.[4] After an accident, strong incentives exist

---

**3.** Arguably the plaintiffs could have been more diligent in compelling his appearance. However, this is a question of fact and the defendants have not established it as a matter of law against the plaintiffs on this record. This case

cannot be disposed of through summary judgment on this ground.

**4.** *See e.g.* TEX. PENAL CODE ANN. § 19.05(a)(2) (Vernon 1992) ("A person commits an offense if he: (2) by accident or mistake when operating a motor vehicle ... while intoxicated and by rea-

for an intoxicated driver to deny purchasing alcoholic beverages while in an intoxicated state, thereby covering up both the purveyor's negligent act and the driver's criminal liability. To do so may be an admission of civil and criminal liability, and a source of evidence in both actions. Where the specter of criminal liability arises, powerful Fifth Amendment protections may prohibit questioning of the defendant regarding any of the facts supporting the dram shop action. This prohibition will exist until all prosecution is terminated or limitations has barred all possible criminal actions.

An excellent example is *Bradford v. Soto*, 159 Ill.App.3d 668, 111 Ill.Dec. 376, 512 N.E.2d 765 (2nd Dist.1987). In *Bradford*, one evening, Soto, the defendant, was out on the town drinking. Later, while driving home, he crossed the center line and slammed head-on into Carlton Bradford's car, killing him. Criminal charges were brought against Soto. Bradford's widow filed suit against Soto and sought discovery regarding whether a dram shop, if any, caused the accident.

Soto successfully asserted the Fifth Amendment privilege and refused to answer any questions. After the limitations period expired and criminal proceedings arising from the accident became final, Soto informed the plaintiff that a dram shop served him alcoholic beverages before the accident. Bradford's widow promptly filed suit against the dram shop.

The Illinois Appellate Court held limitations barred the dram shop action.

As *Bradford* demonstrates, failure to apply the discovery rule to a dram shop cause of action can lead to shocking and bizarre results. The majority would allow many of our state's future widows and orphans to suffer the same injustice as that suffered by Carlton Bradford's widow and orphans. I cannot agree with this result.

Application of the legal injury rule will be unjust for another reason: the dram shops should not be allowed to take advantage of the legal injury rule to avoid liability for the carnage on our streets and highways to which they contribute.

Dram shops should not be the unwitting beneficiaries of the legal injury rule. Sellers of alcoholic beverages cause many serious accidents. Thus, they should compensate those who are injured by their profitable activities. It is they, and not the victims, who are in the best position to shoulder the burden.

In contrast are the innocent plaintiffs and their families. These parties suffer the death or injury of a loved one, and should be compensated. They are in the worst position to carry the financial burden of death or injury in addition to the other more serious emotional burdens imposed upon them by the negligent dram shop. Moreover, it is dram shops who should be deterred from selling alcoholic beverages to intoxicated drivers because they are in the strongest position to minimize further deaths and injuries.

Deterrence of tortfeasors and compensation of victims are diluted by application of the legal injury rule, but enhanced by the discovery rule. Advancement of these two policies compels adoption of the discovery rule.

The majority concludes that the discovery rule does not apply to dram shop cases. However, its reasoning also suggests that even if the discovery rule applies, the plaintiff's cause of action accrued when she "knew ... she had been injured." The majority's analysis in both respects is incorrect.

On the issue of the applicability of the discovery rule to dram shop cases, the majority ignores the tests developed by other courts on the application of this rule. The test repeatedly articulated by the Supreme Court of Texas and courts in other jurisdictions is whether this class of cases generally presents causes or injuries difficult to discover and, as a result, whether application of the legal injury rule would often be

son of such intoxication, causes the death of an individual."); Tex.Rev.Civ.Stat.Ann. art. 6701*l*–

1(b) (Vernon 1990) (DWI).

unjust. *Moreno,* 787 S.W.2d at 351; *Willis,* 760 S.W.2d at 642; *Fernandi,* 173 A.2d at 285. Application of the proper test should lead the majority to conclude that the discovery rule applies to dram shop cases due to the inherent difficulty in discovering the dram shop's negligent act and the injustice of applying the legal injury rule in this class of case.

B. A cause of action accrues under the discovery rule when both cause and injury are discovered.

The majority also incorrectly states that, if the discovery rule applies, that discovery occurs, and hence the statute of limitations begins to run, at the time of the discovery of the injury by the plaintiff. The test is not, as the majority suggests, whether appellant was aware of her *injury* more than two years before suit is filed. This Court, as well as other Courts of Appeals in Texas, have held otherwise. In *Allen v. Roddis Lumber Co.,* this Court wrote:

> There is a conflict in the case law concerning whether under the discovery rule a cause of action accrues when the plaintiff discovers the cause of the injury; or if the discovery rule concerns only discovery of the injury itself. We hold the correct rule is that the cause of action accrues when the plaintiff discovers the injury *and* its cause.

*Id.* at 760–61 (emphasis added). *See Medical Protective Co. v. Groce, Locke, & Hebdon,* 814 S.W.2d 124, 128 (Tex.App.—Corpus Christi 1991, writ denied). This Court's holding is entirely consistent with the Supreme Court's decision in *Willis* which makes clear that a cause of action under the discovery rule occurs *when the facts supporting each element of the cause of action is discovered* or *should have been discovered. Id.,* 760 S.W.2d at 646.

The problem with the "injury only" theory suggested by the majority is that discovery that a party has been injured does not necessarily mean they have discovered or should discover that legal recourse is available. For example, in *Gaddis* the Supreme Court of Texas held that the cause of action for foreign object medical malpractice accrued when the foreign object was discovered. *Id.* at 580. It did not hold that the cause of action accrued when the plaintiff first suffered severe internal pain (i.e., injury). The reason why the Court held as it did is because the negligent act, that is, breach of duty and causation are all discovered simultaneously when the foreign object is discovered.

In *Corder v. A.H. Robins,* 692 S.W.2d 194, 195–96 (Tex.App.—Eastland 1985, no writ), the plaintiff was fitted with an IUD in 1971. She experienced cramps and bleeding, and the IUD was removed. She was unable to conceive, and sought medical assistance. In 1980 she was advised that the IUD was the cause of her infertility. Even though the plaintiff was clearly injured as early as 1972, and was aware that she was infertile in 1973, she did not discover the cause of her injuries until informed by her doctor in 1980. Suit was filed within two years of discovery of the injury's cause. The Eastland Court held that the cause of action accrued upon discovery of the cause of her injuries. *See also Medical Protective,* 814 S.W.2d at 128–29 ("It is undisputed that Medical Protective discovered its injury when the judgment was signed. The question is when did Medical Protective discover ... that its injury was caused by the law firm's breach of duty.").

The rule to be distilled from *Gaddis* and other discovery rule cases is that stated in *Willis:* a cause of action accrues when the facts supporting each element of the cause of action are discovered. Stated differently, a cause of action accrues when the legal injury or negligent act and injury are discovered.

*Gaddis* properly distinguished two party automobile accident cases because the impact is the sole legal cause of injuries in such cases. *Id.* at 581. However, the two party automobile impact case is distinguishable from the instant case because dram shop cases involve causes attributable to concealed third parties. In such cases, in addition to the impact, one legal cause of the accident is the dram shop's sale of

**28**

alcoholic beverages to an obviously intoxicated driver. *El Chico*, 732 S.W.2d at 313. As discussed above, the dram shop's contribution to the accident is difficult to discover, unlike the driver's share of causation in the automobile case. This is precisely why different rules concerning limitations should be applied to these two classes of cases.

The plaintiffs alleged that they did not discover, nor could have discovered, the facts supporting their cause of action until a time less than two years before suit was filed. The defendant (summary judgment movants) did not adduce summary judgment evidence disproving these allegations. Thus, the discovery rule operates to save this cause of action from the bar of limitations and the summary judgment should be reversed.

## III. THE OPEN COURTS PROVISION WAS PROPERLY INVOKED

I believe this case should be reversed for an additional reason. The cause of action against the purveyor of alcoholic beverages is a common law cause of action. *El Chico*, 732 S.W.2d at 314. In many circumstances which may arise in dram shop actions the plaintiff will not know, and reasonably could not know of the legal injury caused by the purveyor. *See Nelson v. Krusen*, 678 S.W.2d 918, 922 (Tex.1984). Under such circumstances application of a rule of accrual barring the cause of action before discovery violates the Open Courts Provision of the Texas Constitution. *Nelson*, 678 S.W.2d at 923. Thus, the Open Courts discovery rule is implicated in such cases.

This rule was invoked in the instant case because the plaintiffs' petition alleged that they did not discover their cause of action against appellee within two years of the accident, and "[t]here was no reason for plaintiff to know or believe that Defendant Phillips Properties or any other such third party caused the accident and Plaintiffs exercised reasonable diligence to make such discovery." Construed under the liberal pleading rules, these allegations are sufficient to avoid the bar of limitations

under the Open Courts provision of the Texas Constitution. *Id.*

Appellee Phillips, as the summary judgment movant, had the heavy burden to prove as a matter of law that the action was barred by limitations. In this respect, its motion is clearly insufficient because it did not allege and prove as a matter of law that the plaintiff's cause of action was not a common law cause of action, or that the plaintiffs reasonably should have known that they possessed a cause of action against Phillips within two years from the date of the accident.

## IV. CONCLUSION

To conclude, I would reverse the summary judgment and remand for two reasons. First, I believe the discovery rule applies to the instant case because it is a personal injury action in which the cause of injury is difficult to discover. Second, I believe the plaintiffs' allegations were sufficient to invoke the Open Court's Provision, and Phillips did not negate as a matter of law these allegations with competent summary judgment evidence. I respectfully dissent.

