Schor. v. Tx Guar 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00374-CV







Robert Schorovsky, Appellant



v.



Texas Property and Casualty Insurance Guaranty Association, Appellee








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 92-17309A, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








 Appellant Robert Schorovsky ("Schorovsky") sued SIR Lloyds Insurance Company
("SIR Lloyds") and Standard Financial Indemnity Corporation ("SFIC"), both in liquidation and
receivership, seeking to recover damages stemming from their failure to timely pay certain
workers' compensation benefits. Appellee, Texas Property Casualty and Guaranty Association
(the "Guaranty Association"), appeared on behalf of the impaired insurers. (1) Appellant contends
the trial court erred in granting summary judgment in favor of the Guaranty Association. We will
affirm the trial court's judgment.



BACKGROUND 


 On January 2, 1991, Schorovsky, while employed by TMBR/Sharp Drilling, Inc.
("TMBR"), (2) was injured in an on-the-job accident. Schorovsky filed a workers' compensation
claim with TMBR, and on January 3, 1991, TMBR's workers' compensation carrier, SFIC, began
paying Schorovsky temporary weekly income benefits. On September 10, 1991, SFIC was placed
into temporary receivership. Pursuant to the temporary restraining order and order appointing
a temporary receiver, the Statutory Liquidator for the Texas Department of Insurance, as the
Temporary Receiver, suspended payment of benefits to all SFIC claimants, including appellant. 
Payments were resumed on October 9, 1991, and Schorovsky received all of the benefits which
had accrued during the suspension.

 On March 12, 1992, SFIC was placed in permanent receivership. The
Commissioner of Insurance, as the Permanent Receiver, appointed Arnold Reyes as Special
Deputy Receiver, and all covered claims were subsequently paid by the Guaranty Association. 
On July 30, 1992, the Receiver terminated benefits to Schorovsky, alleging that he was engaged
in activities inconsistent with the alleged injuries for which he was receiving workers'
compensation benefits. In response, Schorovsky initiated a proceeding with the Texas Workers'
Compensation Commission, which in turn convened a Benefit Review Conference on March 16,
1993. Schorovsky and SFIC, while in receivership, settled the dispute, agreeing that temporary
income benefits for the eight-week period ending September 23, 1992, would be paid to
Schorovsky.

 In addition to initiating the proceeding before the Texas Workers' Compensation
Commission, Schorovsky filed suit against SIR Lloyds and SFIC. SIR Lloyds was jointly owned
and operated with SFIC, but the companies were separate entities and were placed in separate
receivership estates. Although not named as a defendant, the Guaranty Association was served
with process and made a general appearance by answering the petition. Schorovsky subsequently
amended his petition to add Arnold Reyes, Special Deputy Receiver for SFIC, as a defendant. 
Reyes was served and answered. The Guaranty Association, SIR Lloyds and SFIC filed separate
motions for summary judgment which the trial court granted on February 24, 1995. Following
rendition of summary judgment, the Guaranty Association filed a motion for severance which was
also granted. (3)



DISCUSSION


 The standards for reviewing summary judgment are well established: (1) the
movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985). The purpose of summary judgment is to eliminate patently
unmeritorious claims and defenses, not to deprive litigants of their right to a full hearing on the
merits of any real issue of fact. Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). When
a trial court does not specify the grounds on which it granted summary judgment, summary
judgment will be affirmed on any meritorious theory asserted in the motion. Carr v. Brasher, 776
S.W.2d 567, 569 (Tex. 1989).

 In his sole point of error, Schorovsky contends that the trial court erred in granting
the Guaranty Association's motion for summary judgment because article 21.28, section 4(f) of
the Texas Insurance Code (the "Code"), as applied to him, violates article I, section 13 of the
Texas Constitution (the Open Courts Doctrine). (4) A careful review of the record before us reveals
that Schorovsky has failed to preserve his complaint for appeal.

 The general rules of summary judgment pleading provide that the motion for
summary judgment must itself state the specific reasons entitling the movant to summary
judgment. Tex. R. Civ. P. 166a(c). Any issues the non-movant urges to avoid the movant's
entitlement to summary judgment must be expressly presented by written answer to the motion
or by other written response to the motion and are not expressly presented by mere reference to
summary judgment evidence. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341
(Tex. 1993); see City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 
Failure to provide such a response has the effect of limiting the non-movant's appeal to the
sufficiency of the grounds presented by the movant. McConnell, 858 S.W.2d at 343; Clear
Creek, 589 S.W.2d at 678. Moreover, even constitutional challenges that were not presented in
the trial court cannot be the grounds for reversal of summary judgment on appeal. See Riojas v.
Phillips Properties, Inc., 828 S.W.2d 18, 22 (Tex. App.--Corpus Christi 1991, writ denied);
Amroso v. Aldine Indep. Sch. Dist., 808 S.W.2d 118, 122 (Tex. App.-- Houston [1st Dist.] 1991,
writ denied).

 In the record before us, the Guaranty Association based its entitlement to summary
judgment as a matter of law upon the assertion that its authority to pay claims against insolvent
insurance companies is limited by the provisions of the Texas Insurance Code. See Code art.
21.28-C (West Supp. 1996). (5)
 A review of appellant's response reveals that Schorovsky failed to
challenge the Guaranty Association's entitlement to summary judgment on the asserted basis, nor
did he raise any affirmative defenses. As a result, the scope of his appeal is now limited to
challenging the grounds asserted by the Guaranty Association. See McConnell, 858 S.W.2d at
343.

 Schorovsky does not challenge the legal sufficiency of the basis for summary
judgment against him, but instead asserts an alleged violation of the Open Courts Doctrine for the
first time on appeal. Schorovsky failed to make his constitutional challenge to the trial court in
his response to the Guaranty Association's motion for summary judgment and therefore such a
challenge cannot be the basis for reversal of summary judgment on appeal. See Riojas, 828
S.W.2d at 22; Amroso, 808 S.W.2d at 122.

 Appellant could have made a general assignment that the trial court erred in
granting summary judgment; he did not. Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970). Because the judgment was based on a ground not specifically challenged by
appellant and since there was no general assignment that the trial court erred in granting summary
judgment, we must conclude that the judgment of the trial court must stand. Consequently,
appellant's sole point of error is overruled.



CONCLUSION


 The judgment of the trial court is affirmed.



 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: June 12, 1996

Do Not Publish

1. [1]  The Guaranty Association is a non-profit, unincorporated legal entity created pursuant to
the Texas Insurance Code, Article 21.28-C, § 6. The primary purpose of such an insurance
guaranty association is to recover certain claims that cannot be paid out of limited assets of the
receivership estate. Durish v. Channelview Bank, 809 S.W.2d 273, 275 (Tex. App.--Austin
1991, writ denied). The Guaranty Association is responsible for the payment of "covered
claims" against SFIC as defined by article 21.28-C, § 5(8), of the code.
2. [2]  SIR Lloyds was TMBR's workers' compensation carrier before SFIC.
3. [3]  In a separate appeal decided today by this Court, in cause no. 03-95-00464, we consider
the trial court's order granting summary judgment in favor of SFIC and SIR Lloyds.
4. [4]  Article 21-28 section (4)(f) of the Code provides as follows:


 Pending Lawsuits. No judgment or order rendered by any court of this State
or of any other jurisdiction in any action pending by or against the delinquent
insurer after the commencement of delinquency proceedings shall be binding upon
the receiver unless the receiver shall have been made a party to such suit. 


Tex. Ins. Code Ann. art. 21-28, § 4(f) (West Supp. 1996).
5. [5]  Article 21.28-C of the Code specifically grants the Guaranty Association the authority to
pay only "covered claims" of claimants. The term "covered claim" is defined as


[A]n unpaid claim of an insured or third-party liability claimant that arises out of
and is within the coverage and not in excess of the applicable limits of an
insurance policy to which this Act applies, issued or assumed (whereby an
assumption certificate is issued to the insured) by an insurer licensed to do
business in this state, if that insurer becomes an impaired insurer and the third-party claimant or liability claimant or insured is a resident of this state at the time
of the insured event, or the claim is a first-party claim for damage to property
that is permanently located in this state . . . .

Tex. Ins. Code Ann. art. 21.28-C, § 5(8) (West Supp. 1996). In the instant case, Schorovsky
alleges that "[t]he basis of his lawsuit is that worker's compensation was paid, but not on
consistent days and times." Further, it is on this basis that Schorovsky alleges breach of contract,
breach of fiduciary duty, tortious interference with business, and negligence. Article 21.28-C,
section 5(8) specifically prohibits the Guaranty Association from paying the types of claims
asserted by Schorovsky by excluding them from the definition of a "covered claim." Section 5(8)
provides the following: 


. . . "Covered claim" shall not include any claim for recovery of punitive,
exemplary, extracontractual, or bad-faith damages, whether sought as a recovery
against the insured, insurer, guaranty association, receiver, special deputy receiver,
or commissioner, awarded in a court judgment against an insured or insurer.


Tex. Ins. Code. Ann. art. 21-28-C, § 5(8) (West Supp. 1996).