Schorovsky v. SFIC II 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00464-CV






Robert Schorovsky, Appellant



v.



SIR Lloyds Insurance Company and 


Standard Financial Indemnity Corporation, Appellees







FROM THE DISTRICT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT, 


NO. 92-17309, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







 Appellant Robert Schorovsky ("Schorovsky") sued appellees, SIR Lloyds Insurance
Company ("SIR Lloyds") and Standard Financial Indemnity Corporation ("SFIC") seeking to
recover damages deriving from appellees' alleged failure to timely pay certain workers'
compensation benefits. Appellant contends that the trial court erred in granting summary
judgment in favor of SIR Lloyds and SFIC. We will affirm the trial court's judgment.



BACKGROUND


 On January 2, 1991, Schorovsky, while employed by TMBR/Sharp Drilling, Inc.
("TMBR"), was injured in an on-the-job accident. Schorovsky filed a workers' compensation
claim with TMBR whereupon TMBR's workers' compensation carrier, SFIC, began paying
Schorovsky temporary weekly income benefits. On September 10, 1991, SFIC was placed into
temporary receivership and payments to appellant were temporarily suspended. Payments to
Schorovsky were resumed approximately one month later and all accrued benefits were paid.

 SFIC was placed in permanent receivership on March 12, 1992, whereupon the
Commissioner of Insurance was appointed as the permanent receiver, and the responsibility for
payment of all covered claims was transferred to Texas Property & Casualty Insurance Guaranty
Association (the "Guaranty Association"). See Tex. Ins. Code Ann. art. 21.28-C, § 6 (West
Supp. 1996). Payments to Schorovsky continued uninterrupted until July 30, 1992, when they
were suspended on the ground that appellant was engaged in activities inconsistent with the alleged
injuries for which he was receiving workers' compensation benefits. Schorovsky requested a
benefit review conference as provided by the Texas Workers' Compensation Act. See Act of Dec.
13, 1989, 71st Leg., 2d C.S., ch. 1, § 6.12(a), 1989 Tex. Gen. Laws 53, repealed by Act of May
12, 1993, 73d Leg., R.S., ch. 269, § 5(2), 1993 Tex. Gen. Laws 1273. At the conference,
Schorovsky and the Guaranty Association, on behalf of SFIC, settled the dispute regarding the
suspension of payments by agreeing to pay him temporary income benefits for an eight-week
period.

 In addition to initiating the proceeding with the Texas Workers' Compensation
Commission, Schorovsky filed the instant cause against SFIC and SIR Lloyds, (1) TMBR's former
workers' compensation carrier, both in receivership, for damages allegedly resulting from the
delays in payment of benefits from their receivership estates for certain unenumerated periods of
time. (2) Schorovsky's petition was later amended to include Arnold Reyes, Special Deputy
Receiver, who was served and answered. (3) The defendants moved separately for summary
judgment. The trial court granted the motions, and Schorovsky now appeals. (4)


 

DISCUSSION


 The standards for reviewing a motion for summary judgment are well established: 
(1) the movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-549 (Tex. 1985). In addition, when a trial court does not specify the grounds
on which it granted summary judgment, the judgment will be affirmed on any meritorious theory
asserted in the motion. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).



A.  Standard Fidelity Insurance Company

 By two points of error, Schorovsky contends that the trial court erred by granting
SFIC summary judgment because (1) Schorovsky did not dismiss or release any of the claims he
asserts in the instant cause in the settlement agreement he signed at the benefit review conference;
and (2) Article 21.28, § 4(f) of the Texas Insurance Code (the "Code") (5) violates the Open Courts
Doctrine of the Texas Constitution. See Tex. Const. art. I, § 13. We will address these points
in reverse order.

 In point of error two, Schorovsky argues that Article 21.28, § 4(f) of the Code, as
applied to him, violates the Open Courts Doctrine because the statute prevents him from seeking
judicial redress for the common law causes of action asserted in the instant cause. Schorovsky
does not dispute that appellees showed themselves entitled to judgment based upon Article 21.28,
§ 4(f). Instead, he attacks the constitutionality of the statute. He did not raise this argument
before the trial court and urges it now for the first time on appeal. 

 The Texas Rules of Civil Procedure require that the movant must specifically state
in its motion the grounds entitling it to summary judgment. Tex. R. Civ. P. 166a(c). In
response, the nonmovant must, in a written answer, expressly present to the trial court those
issues that would defeat the movant's right to summary judgment. Tex. R. Civ. P. 166a(c);
McConnell v. Southside Indep. School Dist., 858 S.W.2d 337, 341 (Tex. 1993); City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979) ("the non-movant must expressly
present to the trial court any reasons seeking to avoid movant's entitlement. . . ."). Issues not
presented to the trial court will not to be considered on appeal as grounds for reversal. 
McConnell, 858 S.W.2d at 339-341, 343; Clear Creek, 589 S.W.2d at 678-679. Failure to
provide such a response has the effect of limiting the non-movant's appeal to sufficiency of the
grounds presented by the movant. McConnell, 858 S.W.2d at 343; Clear Creek, 589 S.W.2d at
678. Moreover, even constitutional challenges that were not presented to the trial court cannot
be the grounds for reversal of summary judgment on appeal. See Riojas v. Phillips Properties,
Inc., 828 S.W.2d 18, 22 (Tex. App.--Corpus Christi 1991, writ denied); Amroso v. Aldine Indep.
Sch. Dist., 808 S.W.2d 118, 122 (Tex. App.--Houston [1st Dist.] 1991, writ denied).

 SFIC's motion for summary judgment stated three cognizable grounds of recovery,
one of which was based on Article 21.28, § 4(f) of the Code. In response, Schorovsky merely
alleged that disputed, material fact issues existed and referred the trial court to the summary
judgment evidence already in the record. A thorough review of the record reveals that no issue
challenging the constitutionality of Article 21.28, § 4(f) was ever presented to the trial court. 
Thus, Schorovsky did not properly preserve this point of error in the trial court and cannot now
raise the issue as a ground for reversal. We overrule point of error two.

 In point of error one, Schorovsky contends that the trial court erred in granting
summary judgment because as a matter of law he did not dismiss and/or release the claims he
alleges in the instant cause in the settlement agreement between SFIC and Schorovsky.

 SFIC moved for summary judgment on three grounds: (1) Article 21.28 § 4(f) of
the Code bars Schorovsky's recovery; (2) Schorovsky's cause of action is based on the actions of
the Receiver and must fail against the receivership estate; and (3) the issue of the suspension of
benefits was fully adjudicated and settled by mutual agreement. In its order, the trial court did
not indicate the specific grounds on which it granted summary judgment. Therefore, to prevail
on appeal Schorovsky must successfully challenge each of the three grounds on which the trial
court could have granted summary judgment. Rogers v. Ricane Enters., 772 S.W.2d 76, 79 (Tex.
1989); Malooly Bros., Inc. v. Napier, 416 S.W.2d 119, 121 (Tex. 1970).

 Schorovsky's appeal challenges only the third basis presented in SFIC's motion,
that the instant cause is barred by the settlement agreement between SFIC and himself. He does
not make a general assignment of error complaining of the judgment generally, and he does not
challenge the remaining two grounds asserted in SFIC's motion for summary judgment. 
Accordingly, the summary judgment must stand since the trial court's order could be properly
based on one or more of the other grounds advanced by SFIC, which Schorovsky fails to
challenge. Malooly, 416 S.W.2d at 121; Texas Power & Light Co. v. Cole, 313 S.W.2d 524, 529
(Tex. 1958); City of Deer Park v. State ex rel. Shell Oil Co., 275 S.W.2d 77, 84 (Tex. 1954);
Thomson v. Norton, 604 S.W.2d 473, 476-77 (Tex. Civ. App.--Dallas 1989, no writ) (stating that
where plaintiff does not attack any of several other independent grounds asserted in motion for
summary judgment, a reviewing court has "no duty to examine and research these grounds without
the assistance of counsel so as to determine whether any of them are supported by the record and
by applicable rules of law"). We overrule appellant's first point of error.



B.  SIR Lloyds Insurance Company

 Appellant does not assert a point of error specifically directed at the judgment
rendered in favor of SIR Lloyds except to the extent his first point of error contends there was no
dismissal and/or release signed by appellant. He makes no argument on appeal directed at the
judgment in favor of SIR Lloyds. We hold that the trial court properly granted summary
judgment in favor of SIR Lloyds.

 SIR Lloyds was TMBR's workers' compensation carrier before SFIC and before
appellant's injury. Although appellant alleged differently below, SFIC and SIR Lloyds agree, and
appellant admits on appeal, that SFIC was TMBR's workers' compensation carrier at the time of
Schorovsky's accident on January 2, 1991. Schorovsky never asserted a benefits claim with SIR
Lloyds, nor did the company ever settle with Schorovsky any of the claims disputed in this
lawsuit. Instead, SFIC or its receiver was responsible for and did make all payments to
Schorovsky for the entire period in which Schorovsky received workers' compensation benefits. 
Therefore, SIR Lloyds is not liable to Schorovsky on his claim or any delay in payment of
workers' compensation benefits resulting from the January 2, 1991 accident.

 SIR Lloyds moved for summary judgment on the basis that it was not the carrier
at the time of Schorovsky's accident and, in any event, Article 21.28, § 4(f) bars his recovery. 
Although appellant, by controverting affidavit, claimed SIR Lloyds was his employer's carrier,
he recognizes on appeal that SFIC was the insurer. Schorovsky does not otherwise challenge
either basis for SIR Lloyds' motion and the judgment must stand. Accordingly, to the extent
either of appellant's points of error apply to SIR Lloyds, they are overruled.



CONCLUSION


 Having overruled both of appellant's points of error, we affirm the judgment of the
trial court.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 12, 1996

Do Not Publish

1. [1]  SIR Lloyds is jointly owned and operated with SFIC, but the companies are separate
entities and are in separate receivership estates.
2. [2]  From Schorovsky's petition, it is unclear whether these unenumerated periods of time
refer to the suspension of payments while SFIC was under temporary receivership, permanent
receivership, or both. Schorovsky's administrative proceeding before the Texas Workers'
Compensation Commission addressed only the suspension of payments while SFIC was in
permanent receivership. Schorovsky has failed to exhaust his administrative remedies for any
claims arising from the suspension of payments while SFIC was in temporary receivership. 
See Act of Dec. 13, 1989, 71st Leg., 2d C.S., ch. 1, § 6.61(f), 1989 Tex. Gen. Laws 60,
repealed by Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 5(2), 1993 Tex. Gen. Laws
1273. Therefore, we conclude that the instant cause concerns only the suspension of payments
that occurred while SFIC was in permanent receivership. 
3. [3]  The original petition was filed against "SIR Lloyds of Dallas Insurance Company, in
liquidation and/or receivership, Standard Financial Indemnity Corporation, Receiver." The
amended petition named as defendants "SIR Lloyds Insurance Company, in Liquidation and/or
Receivership, Arnold Reyes, Special Deputy Receiver AND/OR Standard Financial Indemnity
Corporation, In Receivership, Arnold Reyes, Special Deputy Receiver."
4. [4]  Although not named as a defendant, the Guaranty Association made a general appearance
by filing a separate answer to Schorovsky's petition. In a separate appeal decided today in
cause no. 03-95-00374-CV, we consider the trial court's order granting summary judgment in
favor of the Guaranty Association.
5. [5]  Article 21.28 section 4(f) of the Code provides in relevant part:


A Receiver and his agents and employees are not liable for and a cause of action
may not be brought against any of them for an action taken or not taken by them
relating to the adjustment, negotiation, or settlement of claims.


Tex. Ins. Code Art. 21.28, § 4(f) (West Supp. 1996).