**ROBERTSON v. TEXAS & N. O. R. CO.**

**No. 10379.**

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1938.

Rehearing Denied Jan. 4, 1939.

E. B. O'Quinn, of Marfa, and Mrs. Mae M. Ament, of Alpine, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, B. W. Teagarden, of San Antonio, and Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

SMITH, Chief Justice.

E. H. Robertson brought this action against the Railroad Company for damages for personal injuries alleged to have been sustained by him as a result of falling into an excavation negligently maintained on its premises by the Railroad Company, while he was engaged in the course of his employment, by that Company. The suit was commenced on February 2, 1937, whereas, the accident was alleged to have befallen Robertson on September 5, 1932. The trial court sustained a special exception to Robertson's petition, on the ground that the allegations therein showed the cause of action alleged to have been barred by a two-year statute of limitation. Art. 5526, § 6, R.S. 1925. Upon Robertson's refusal to amend, the suit was dismissed and he has appealed. The parties will be referred to as plaintiff and defendant, respectively, as in the court below.

Plaintiff alleged in his petition, among other things, that on the night of September 5, 1932, he and other employees were working with a derailed car, and "the night being very dark and cloudy and misting rain, and while plaintiff and the others were walking along the ballast line of said defendant's railroad track, plaintiff fell into a hole or excavation on the north side of said track, falling into same with great force, and immediately upon his falling therein one of the Mexicans just behind him, * * * fell on top of plaintiff with great force, and said Mexican employee so falling was carrying at that time a steel lining bar about five or six feet long and which weighed about 15 or 20 pounds or more, on his shoulder, and when he fell in the hole on plaintiff, the lining bar came on top of plaintiff also, and the force and weight of the Mexican and the weight of the bar all hit and struck plaintiff in the back of plaintiff on the lower part of plaintiff's spine. * * *

That said hole was about four or five feet deep and about the length of plaintiff's body across, * * *. Some one lifted the Mexican off of plaintiff out of the hole, and some of them also lifted plaintiff out of the hole. That the plaintiff had the very breath knocked out of him by the force of the fall and the Mexican and the lining bar striking plaintiff in the back. When plaintiff and the said section foreman and gang got back to the work train the car had been set up. By this time plaintiff's back was hurting so badly that it nauseated him so, that he went into the caboose and laid down for some time, and while there said Mr. Enderle (foreman) came in and asked plaintiff to repair the flashlight for him and asked plaintiff what was the matter and plaintiff told him that he had had the breath knocked out of him from a fall in a hole and was nauseated from it and related to said Enderle how it happened and all about it just as hereinbefore alleged. * * * That the next day after the matters aforesaid, plaintiff suffered severe pains in his back, but as the work was an emergency and he at that time thought the injury slight he continued, upon orders of defendant and its said agents, to work on said wash-out job and did not then consult a physician. After the washout job was completed, and as time went on, sometimes the plaintiff's back and head would hurt him a little and at other times the hurt would be more severe, but altogether was not such as alarmed plaintiff or caused him to believe that such accident had injured plaintiff to any great extent or to such an extent as to be cause of alarm to plaintiff, but did notice from time to time that at certain times, when plaintiff was riding his motor car, that the pains in the back and head would be more severe, and which riding of motor car was necessary in plaintiff's said work, but plaintiff did not know and had no cause to become alarmed or to make investigation or to go to physician for examination and advice or treatment, for said injuries, from the date of said accident until July 24th, 1936, on which last named date, plaintiff while riding his motor car and in discharge of his regular duties as said motor car mechanic, noticed that his back and head were hurting him more severely than had ever done, and continued all that day to pain him more and more, and all that week continued to hurt more and more but plaintiff continued to work or try to work, but plaintiff suffered therefrom from that time on to such an extent that plaintiff then for the first time realized or had any cause to realize or suspicion that he was badly hurt and injured."

We are of the opinion that the petition clearly showed on its face that the cause of action asserted therein by plaintiff was barred by the statute invoked by defendant. The cause of action alleged was one for damages for wrongful injury sustained by plaintiff as the proximate result of negligent acts of defendant committed on September 5, 1932. The suit was not commenced until February 2, 1937. It was alleged that as a result of defendant's negligent acts plaintiff suffered some injury and severe pain at the moment, and as an immediate and direct result of the accident, and periodically thereafter, at least in slight degrees, until he became finally and totally incapacitated, in September, 1936. There is no contention by plaintiff that he was not definitely injured as a direct and immediate result of the accident, or that he was ever thereafter free of the injurious results of the accident. Plaintiff merely contends that he did not know his injuries were very serious, or the extent or full nature thereof, until within two years of the filing of his suit. It is obvious from the allegations in plaintiff's petition that the cause of action alleged by him was barred within two years from the date of the wrongful act which proximately caused his injuries and damages, and the trial court properly sustained defendant's exception and dismissed the suit upon plaintiff's failure to further amend. Art. 5526, § 6, R.S.1925; 28 Tex. Jur. pp. 144, 146, §§ 61, 62; 17 R.C.L. p. 763, § 129. The rule as applied to actions for personal injuries resulting from torts and negligence is well stated in R.C.L.: "While it is generally true that no man has a right of action against a wrongdoer unless he is personally injured, yet in the case of every violation of the rights of a particular individual, the law ordinarily implies damage, for which a right of action accrues though the damage be but nominal. Therefore, as a general rule, where an injury, though slight, is sustained in consequence of the wrongful or negligent act of another and the law affords a remedy therefor the statute of limitations attaches at once. It is not material that all the damages resulting from the act should have been sustained

at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action and is not legally severable from its consequences. The statute begins to run, and not from the time of the damage or discovery of the injury. And it is immaterial whether the conduct out of which the cause of action arises is the breach of an implied contract or the affirmative disregard of some positive duty. In either case, the liability arises immediately on the breach or disregard of duty, and an action to recover the damages which are the measure of such liability, may be immediately maintained."

The judgment is affirmed.