Patricia STEWART, Appellant,

v.

STANLEY BRYAN OLDSMOBILE–
BUICK–PONTIAC–GMC, INC. and
General Motors Corp., Appellees.

No. 13–93–152–CV.

Court of Appeals of Texas,
Corpus Christi.

June 30, 1994.

Rehearing Overruled July 28, 1994.

David Hughes, Markey, Hughes & Steiner, Corpus Christi, for appellant.

Darrell Barger, Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a summary judgment in an action arising from an automobile collision. Appellant, Patricia Stewart, alleges her injuries were caused or enhanced by her vehicle's faulty seat belt. She sued Stanley Bryan Oldsmobile, the seller of the vehicle, and its manufacturer, General Motors Corporation. Appellees, defendants below, moved for summary judgment claiming that the statute of limitations bars the action. The trial court granted summary judgment in their favor. Appellant asserts that the discovery rule applies, and that a fact issue of when she discovered, or should have discovered, the injury causing defect remains to be determined. We hold the discovery rule to be inapplicable and affirm.

In reviewing a summary judgment, we must determine whether the movant is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Tucker v. Atlantic Richfield Co.*, 787 S.W.2d 555, 557 (Tex.App.—Corpus Christi 1990, writ denied.). If there are any material factual issues to be determined, a summary judgment is improper. In reviewing the facts, we resolve any factual doubts in favor of the non-movant. *Wilcox v. St.*

*Mary's University,* 531 S.W.2d 589, 593 (Tex. 1975).

Appellant sustained severe injuries in a traffic collision on June 26, 1987, and underwent treatment for her injuries. Not until February, 1989, did appellant discover an additional injury not known to her at the time it occurred.[1] Appellant alleges this subsequently discovered injury was caused or enhanced by the seat belt in the vehicle that she had purchased from appellees. Appellant filed suit against appellees on January 22, 1991, more than three years after the collision and injury occurred, but within two years of her discovery of her additional injury.

■ In order for a suit to be timely under the two-year statute of limitations, it must be commenced within two years following the date the cause of action accrues. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986). In a personal injury case, the cause of action accrues when the wrongful act causes the injury, regardless of when appellant learns of the injury. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977); *Riojas v. Phillips Properties, Inc.,* 828 S.W.2d 18, 21 (Tex.App.—Corpus Christi 1991, writ denied).

■ Appellant alleges, however, that she did not know of and could not have discovered this particular injury until February of 1989 and so, under the discovery rule, limitations should be tolled until the time that she had actual knowledge of this injury. We disagree.

■ The discovery rule is a judicially created test to determine when a cause of action accrues. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Riojas,* 828 S.W.2d at 21. When the discovery rule is applied, the running of the limitations period

is tolled until the time that the claimant discovers, or through the exercise of reasonable care and diligence should discover, the nature of the injury. *Moreno,* 787 S.W.2d at 351; *Weaver,* 561 S.W.2d at 793–94; *Riojas,* 828 S.W.2d at 21. The discovery rule does not, however, toll the running of limitations until claimant has discovered all elements of her cause of action. *Coody v. A.H. Robbins Co.,* 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, writ dism'd by agr.).

The discovery rule has been applied to a limited number of cases, including medical malpractice cases, cases involving injury after prolonged exposure to a substance, and cases in which information about the injury has been fraudulently withheld from the claimant. In all applications of the discovery rule, the injury has been of a type that was inherently undiscoverable. In other words, the plaintiff did not know and could not have known of the injury at the time it occurred. *See, e.g., Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988) (discovery of legal malpractice); *Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972) (discovery that patient is fertile after vasectomy); *Gaddis v. Smith,* 417 S.W.2d 577, 580 (Tex.1967) (discovery of sponge left in patient's body after surgery); *Allen v. Roddis Lumber and Veneer,* 796 S.W.2d 758, 760–61 (Tex.App.—Corpus Christi 1990, writ denied) (discovery of undetectable formaldehyde vapors).

Here, however, the discovery rule has no application. The collision was sudden and dramatic; appellant knew the instant it occurred. Appellant knew she had been injured in the collision immediately, although she did not determine the full extent of her injuries until much later. The injury causing event was not hidden from her. Appellant's cause of action accrued at the time of the collision, regardless of when she discovered the nature and extent of her injuries. *Rio-*

---

1. Appellant in her affidavit states:

   The other injuries which I received, which I have not assessed against General Motors Corporation are as follows:

   Trauma to the right anterior, broken ribs, rib cage, soft tissue injuries, emergency surgery in January 1988 for the removal of my gall bladder, injury to pancreatic area, pancreatitis, pancreas protruding into the stomach, explor-

   atory surgery and subsequent spastic transverse colon and lower intestinal problems.

   These particular problems have not been resolved to this date. Because of all these other medical problems, I was unable to discover the problem with the cervical spine until it was properly diagnosed in San Antonio by Dr. Neidre in February 1989, and only after an MRI was performed.

*jas,* 828 S.W.2d at 22. All persons whose negligence contributed to appellant's collision-caused injuries were potentially liable to her at that time. Appellant is required to join all possible tortfeasors and determine the extent of her injuries before the limitations period expires. *Id.* The severity of her injuries was not inherently undiscoverable.

We affirm the summary judgment.