Michael D. HOWARD, M.D., Jeanne M. Howard, Michael Peyton Howard, Geoffrey Austin Howard, Appellants,

v.

FIESTA TEXAS SHOW PARK, INC., Fiesta Texas Theme Park, Ltd., Showpark Management, Inc., D.H. Morgan Manufacturing, Inc., Richard Brown, Ph.D., Inc., Richard H. Brown, individually, and Reliance National Insurance Company, Appellees.

No. 04–97–00921–CV.

Court of Appeals of Texas, San Antonio.

Aug. 19, 1998.

Rehearing Overruled Aug. 19, 1998.

John Curney, Jr., John D. Mereness, Johnson, Curney, Price & Garcia, P.C., San Antonio, for appellant.

Timothy B. Poteet, Lea & Chamberlain, Austin, Joe Frazier Brown, Jr., Gail M. Bryant, Thornton, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, Francis I. Spagnoletti, John P. Abbey, Spagnoletti & Associates, Houston, Charles L. Smith, Jeffrey G. House, Andrew L. Kerr, Jenkins & Gilchrist, Groce, Locke & Hebdon, P.C., San Antonion, for appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

STONE, Justice.

Appellants' Motion for Rehearing is granted to the extent discussion of the Texas Supreme Court opinion, *Childs v. Haussecker* and *Humble Sand & Gravel v. Martinez*, 974 S.W.2d 31 (1998), is warranted. The opinion and judgment of this court issued on July 15, 1998, are withdrawn and this opinion and judgment are substituted therefor.

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from the trial court's grant of the defendants' joint motion for summary judgment based on expiration of the statute of limitations.

The summary judgment evidence established that on May 17, 1992, Michael Howard went to Fiesta Texas Theme Park and rode the Rattler Rollercoaster. During the ride, Howard experienced pain in his neck that radiated toward his right shoulder. The pain was so severe that Howard had to sit for 20–30 minutes following the ride. Howard associated the pain with similar pain experienced with previous injuries to Howard's cervical spine. Although the pain improved within the next four days, Howard sought treatment and consultation with Dr. Karl Swann on May 22, 1992. Dr. Swann conducted an MRI and determined that Howard had disc herniations at the C4–5, C5–6, and C6–7 levels. Only the herniation at the C4–5 level appeared "acute." Because Howard had other degenerative problems with his cervical spine and a history of back problems, Dr. Swann could not determine whether Howard's rollercoaster ride caused the herniation at the C4–5 level. Howard's pain subsided within the next two weeks after therapy and treatment.

On July 8, 1995, Howard experienced a severe headache and nausea. During the following year, Howard experienced recurrent severe headaches accompanied by hypertension, dizziness, vision problems, hearing problems, and short term memory loss. Howard sought treatment and consulted with numerous physicians to determine the nature of his medical problems. In May 1996, it was determined that Howard had a tear in the fluid-filled membrane surrounding his brain and spinal cord. This tear was located at the C1–2 level. Shortly thereafter, Howard underwent surgery to repair the tear.

On December 19, 1996, Howard and his family ("Howard") filed suit against the defendants alleging breach of warranty, negligence, strict liability, violations of the Deceptive Trade Practices Act (DTPA), and loss of consortium. The defendants moved for summary judgment asserting that Howard's suit was barred by the expiration of the statute of limitations. The trial court granted the defendants' motion and ordered that Howard take nothing. Howard appealed the summary judgment order.

### ARGUMENT AND AUTHORITIES

**Standard of Review**

A defendant who moves for a summary judgment based on the affirmative defense of expiration of the statute of limitations assumes the burden of showing that as a matter of law the suit is barred. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). The defendant's burden is to prove conclusively all elements of the affirmative defense as a matter of law such that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.

1984); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). If the non-movant pleads the "discovery rule" to circumvent the time bar, the summary judgment burden is placed on the movant to prove when the cause of action accrued, and to negate the discovery rule by proving it does not apply as a matter of law or there is no genuine issue of fact about when the plaintiff discovered the nature of the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 n. 2 (Tex. 1988).

■ In applying the statute of limitations, a cause of action accrues when facts come into existence which give a claimant the right to seek a remedy in the courts. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977); *Ponder v. Brice & Mankoff,* 889 S.W.2d 637, 641 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The right to seek a remedy arises when a wrongful act causes some legal injury, even if the injury is not discovered until later, and even if all resulting damages have not yet occurred. *S.V. v. R.V.,* 933 S.W.2d 1, 4 (Tex.1996). The question of when a cause of action accrues for limitations purposes is a question of law for the court. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990); *Stroud v. VBFSB Holding Corp.,* 917 S.W.2d 75, 80 (Tex.App.—San Antonio 1996, writ denied). The discovery rule is a narrow exception to the limitations bar, and when applied, defers the accrual of a cause of action. *S.V.,* 933 S.W.2d at 4.

Therefore, a defendant seeking summary judgment on the basis of limitations must prove when the cause of action accrued and must negate the plaintiff's assertion of the discovery rule by proving that as a matter of law, it does not apply or that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns,* 786 S.W.2d at 267; *Woods,* 769 S.W.2d at 518 n. 2. If the movant cannot do so, a fact question exists about when the limitations period began to run. *Clade v. Larsen,* 838 S.W.2d 277, 282 (Tex.App.—Dallas 1992, writ denied). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the non-movant. *See Montgomery,* 669 S.W.2d at 311. Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *See id.*

■ The statute of limitations for a DTPA action, including a claim for breach of express or implied warranty under the DTPA, is two years. TEX. BUS. & COMM.CODE ANN. § 17.565 (Vernon 1987); *see Lochinvar Corp. v. Meyers,* 930 S.W.2d 182, 188 (Tex. App.—Dallas 1996, no writ). Claims for negligence and strict liability resulting in personal injury must be filed within two years of the time of their accrual. TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp. 1998). Claims for loss of consortium and loss of services are derivative of the injured family member's cause of action for personal injuries and are subject to the same statute of limitations and defenses that preclude liability. *See Reed Tool Co. v. Copelin,* 610 S.W.2d 736, 738–39 (Tex.1980).

### Application of Discovery Rule

Because Howard undisputedly filed his suit beyond the normal limitations periods, the survival of his claims depends on application of the discovery rule. Howard contends the trial court erred by granting the defendants' motion for summary judgment because the discovery rule applies to this case as a matter of law. Howard contends the discovery rule delayed accrual of his cause of action until May 1996, when he discovered the nature and cause of his injury and subsequent medical problems. Howard contends he could not have discovered the existence of his injury in May 1992 because his particular injury lay dormant until July 1995, at which time Howard began to experience symptoms. After Howard became symptomatic, he alleges he diligently discovered the nature and cause of his injury. Howard contends he raised a fact issue whether the discovery rule applies to preclude summary judgment.

■ As a narrow exception to the general rule of accrual of a cause of action, application of the discovery rule delays such accrual until a plaintiff knows or through the exercise of reasonable care and diligence "should

have known of the wrongful act and resulting injury." *S.V.*, 933 S.W.2d at 4.

■■■■■ Application of the discovery rule now requires a two-tiered inquiry. First, unless otherwise excluded, the discovery rule applies only in cases satisfying the objective "unifying principle" that the injury be inherently undiscoverable and evidence of the injury be objectively verifiable. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex.1996); *Neel v. HECI Exploration Co.*, 942 S.W.2d 212, 220 (Tex.App.—Austin, 1997, writ granted).[1] To be "inherently undiscoverable", an injury need not be absolutely impossible to discover. *See Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 455; *S.V.*, 933 S.W.2d at 6–7. Nor does "inherently undiscoverable" mean merely that a particular plaintiff did not discover his injury within the prescribed period of limitations; discovery of a particular injury is dependent not solely on the nature of the injury but on the circumstances in which it occurred and plaintiff's diligence as well. *See Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 455; *S.V.*, 933 S.W.2d at 6–7. An "inherently undiscoverable" injury is one which by its nature is unlikely to be discovered within the limitations period despite due diligence. *See Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 455; *S.V.*, 933 S.W.2d at 6–7. "The requirement of inherent undiscoverability recognizes that the discovery rule exception should be permitted only in circumstances where, 'it is difficult for the injured party to learn of the negligent act or omission.' " *Computer Assocs. Int'l, Inc.*, 918 S.W.2d at 456. An injury is "objectively verifiable" if the presence of injury and the producing wrongful act cannot be disputed. *See id.* at 455; *S.V.*, 933 S.W.2d at 6–7.

*Prong One: Inherently Undiscoverable*

■■■ Howard contends his injury was latent and therefore inherently undiscoverable. Howard contends his specific injury was impossible to diagnose until July 1995, when symptoms manifested themselves, indicating a problem. Howard likens his situation to other discovery-rule cases in which the plaintiff complained of an undetectable latent disease, such as AIDS/HIV, silicosis, or asbestosis. Howard contends he had no objective knowledge of any actionable injury in 1992 when he rode the rollercoaster because he had a history of back and neck problems and his pain subsided with therapy. Howard sought treatment for disc herniations at the time of injury; however, his disc herniations could not be conclusively attributed to the rollercoaster ride. Howard contends his treatment for disc herniation did not alert him to the specific injury for which he now pursues remedy.

The appellees assert that, as a matter of law, the discovery rule does not apply to cases in which the plaintiff sustains both immediate and latent injuries caused by a noticeable, traumatic event. In such cases, the appellees argue, the cause of action accrues at the time of the traumatic event because the immediate injury is discoverable at that time. The appellees distinguish the latent-disease cases relied upon by Howard by arguing that he was immediately aware of an injury, notwithstanding the fact that he did not immediately know the full extent of his injuries.

■■■■ In a personal injury case, a cause of action accrues when the wrongful act causes the injury. *Stewart v. Stanley Bryan Oldsmobile*, 883 S.W.2d 273, 274 (Tex.App.—Corpus Christi 1994, writ denied). When appropriate, application of the discovery rule would delay accrual of the personal-injury

---

1. While many courts have adopted the unifying-principle test in *Computer Assocs. Int'l, Inc.*, only the court in *Neel* identifies the unifying-principle test as a threshold inquiry whether the discovery rule should apply in the particular type of case. The court in *Neel* held that this initial test does not replace the traditional inquiry into the complainant's subjective knowledge. *See Neel*, 942 S.W.2d at 221. The *Neel* court determined that if the case satisfies the objective unifying-principle test and the discovery rule applies to the type

of case, a court must then decide whether the plaintiff subjectively knew or should have known of the injury at such a time that the statute of limitations expired before suit was filed. *See Neel*, 942 S.W.2d at 221. The *Neel* court's subjective inquiry appears to be a determination of when the cause of action accrued after it determined that the discovery rule applies. This court need not address this issue, as we hold that this case does not satisfy the objective test and, therefore, the discovery rule does not apply.

cause of action. *S.V.*, 933 S.W.2d at 4. However, the discovery rule does not apply to situations in which the traumatic or injurious event causing personal injury is sudden and distinguishable, and the plaintiff knew that injury occurred at the time the event occurred, even if the plaintiff did not know the full extent of injury until much later. *Id.* In such case, the cause of action accrues at the time of the injurious event, regardless of when the injured party learns of the full extent of injury. *Id.* When an injury, though slight, is sustained as a consequence of the wrongful act of another, and the law affords a remedy therefor, the cause of action accrues, and the statute of limitations begins to run. *Zidell v. Bird*, 692 S.W.2d 550, 556–57 (Tex.App.—Austin 1985, no writ); *Robertson v. Texas & New Orleans Railroad Co.*, 122 S.W.2d 1098, 1099 (Tex.Civ.App.—San Antonio 1939, writ ref'd). The issue whether all of the damages or the full extent or seriousness of the injury resulting from the act is yet known is immaterial to the accrual of the cause of action. *Zidell*, 692 S.W.2d at 556–57; *Robertson*, 122 S.W.2d at 1099. By his own admission, Howard's injury and relevant cause of action falls within the realm of this traumatic-event precedent. Howard admitted he sustained injury in the form of disc herniation and sought treatment for that injury. Because Howard was injured during a distinct, discernable event, his cause of action accrued at the time of the injurious event regardless whether he knew the full extent of his injury at that time. *See Stewart*, 883 S.W.2d at 274; *Zidell*, 692 S.W.2d at 556–57; *Robertson*, 122 S.W.2d at 1099.

The discovery rule applies to cases in which an injured party was exposed to a latent disease and remained asymptomatic for an extended time, beyond the expiration of the statute of limitations. *See, e.g., Childs v. Haussecker* and *Humble Sand & Gravel v. Martinez*, 974 S.W.2d 31, 36–45 (1998) (latent occupational diseases silicosis and asbestosis); *Casarez v. NME Hospitals, Inc.*, 883 S.W.2d 360, 363–66 (Tex.App.—El Paso 1994, writ dism'd by agr.) (nurse contracted HIV from AIDS patient); *J.K. & Susie Wadley Res. Inst. & Blood Bank v. Beeson*, 835 S.W.2d 689, 693–96 (Tex.App.—Dallas 1992, writ denied) (blood transfusion patient ac-

quired AIDS). The discovery rule applies in these cases because the nature of the disease or injury is initially undetectable, inherently dormant, is characterized by prolonged latency, and no immediate injury manifests itself to alert the potential plaintiff. *Childs v. Haussecker*, 974 S.W.2d at 37–38. Therefore, in such cases, the plaintiff has no reason to know of actionable harm until the disease manifests itself. *Id.* at 37–40.

Howard analogizes his injury to that of latent onset diseases in which the discovery rule has been applied. In his motion for rehearing, Howard specifically relies upon the Texas Supreme Court opinion, *Childs v. Haussecker*, in which the court discussed the equitable policy considerations behind the application of the discovery rule in these latent-injury cases: to prevent courts and defendants from expending limited resources on premature litigation of speculative claims. *Id.* at 37–38. Howard contends this court's holding would have forced him to file a premature and speculative claim at the time of injury, circumventing the policy considerations discussed in *Childs*. However, the court in *Childs* distinguished cases involving latent disease from those involving traumatic injury stating, "[u]nlike traumatic injury cases, a plaintiff who suffers from a latent injury or disease typically does not and cannot immediately know about the injury or its cause because these injuries do not manifest themselves for two or three decades following exposure." *Id.* at 38. Howard fails to remove his cause of action from the distinct traumatic injury case law.

Howard's argument fails because he had the ability to know of the negligent act or event giving rise to his legal injury. *See Stewart*, 883 S.W.2d at 274. The injurious event allegedly causing Howard's injuries was discernable. The summary judgment evidence produced by appellees shows that by Howard's own admission, his initial injury occurred while he was riding the Rattler Rollercoaster. Howard knew exactly when the injury occurred, as he could pinpoint the time during the ride that he felt pain in his neck and shoulder. Howard immediately knew that he was injured and knew the cause, which was sufficient to commence ac-

crual of his cause of action. *See Zidell,* 692 S.W.2d at 556–57; *Robertson,* 122 S.W.2d at 1099. Although Howard did not discover the full extent of his injuries until much later, Howard knew that he had been injured during the rollercoaster ride. These facts are sufficient to cause awareness of a negligent act or event giving rise to a legal injury. *See id.* The fact that Howard's injury might have been slight at that time, or different from the ultimate injury for which he now sues, is immaterial. *See Zidell,* 692 S.W.2d at 556–57. The circumstances surrounding Howard's injury do not place his cause of action within the latent-disease cases in which the discovery rule applies because in those cases the disease inherently lay dormant for many years, could not be detected for an extended time, the plaintiff experienced no immediate injury, or there was no single event upon which the cause of action could accrue. *See Childs v. Haussecker,* 974 S.W.2d at 36–45; *Casarez,* 883 S.W.2d at 363–66; *Wadley,* 835 S.W.2d at 693–96. Because Howard's injury arose from a single, discernable event and some injury arose therefrom, Howard's injury was not inherently undiscoverable. *See Zidell,* 692 S.W.2d at 556–57.

Because Howard failed to show that his injury was inherently undiscoverable, the discovery rule does not apply to the accrual of his cause of action as a matter of law. *See Computer Assoc. Int'l Inc.,* 918 S.W.2d at 455. Due to the nature of his injury and the circumstances surrounding its inception, no fact issue exists regarding when Howard's cause of action accrued. *See Stewart,* 883 S.W.2d at 274; *Robertson,* 122 S.W.2d at 1099. Howard filed his suit outside the two-year statute of limitations. Therefore, the district court did not err by granting the defendants' joint motion for summary judgment based on expiration of the statute of limitations. Because Howard's claims are barred by expiration of the statute of limitations, the derivative claims of loss of consortium are also barred. *See Reed Tool Co.,* 610 S.W.2d at 738–39. Howard's first point of error is overruled.

## Tolling of Statute of Limitations against Nonresident Defendants

In the alternative, Howard contends that in the event the discovery rule does not apply, the statute of limitations was tolled as to defendants Richard H. Brown, Ph. D., Inc., Richard H. Brown, individually (Brown entities), and D.H. Morgan Manufacturing, Inc. Howard contends that as nonresident defendants who do not maintain an agent for service of process within the State of Texas, the statute of limitations was tolled as to these parties pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 16.063.

"The absence from this state of any person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (Vernon 1997). The term "person" refers to individuals as well as corporations. *See G. Richard Goins Constr. Co., Inc. v. S.B. McLaughlin Assocs., Inc.,* 930 S.W.2d 124, 128 (Tex.App.—Tyler 1996, writ denied)(applying § 16.063 to nonresident corporation).

Howard filed summary judgment proof that the Brown entities and D.H. Morgan are nonresidents, do not maintain an agent for service of process within Texas, and were not present within the state of Texas on May 17, 1992. This summary judgment proof included affidavits from representatives of these parties. While D.H. Morgan filed its own reply to Howard's response to the motion for summary judgment raising the tolling defense, the Brown entities did not file a reply. D.H. Morgan's reply included the same summary judgment proof that it was a nonresident, did not maintain an agent for service of process within the state of Texas, and was not present in the state on May 17, 1992.

Section 16.063 was written and intended to protect domestic creditors from individuals who enter Texas, contract a debt, depart, and then default on the debt. *Wyatt v. Lowrance,* 900 S.W.2d 360, 362 (Tex.App.—Houston [14th Dist.] 1995, writ denied). The statute and its predecessor, article 5537, should be construed to effect its purpose and applied as written. *See id.; see also Gibson v. Nadel,* 164 F.2d 970, (5th Cir.1947). "As a

general rule, the article 5537 or § 16.063 tolling provision does not apply to nonresidents." *Wyatt,* 900 S.W.2d at 362. However, as an exception to this general rule, the tolling provision applies to a nonresident who was present in the state when the obligation (debt) arose. *Id.* "Presence" within the state of Texas occurs if an agent, employee, or other representative was within the territorial limits of the state. *See Dicker v. Binkley,* 555 S.W.2d 495, 497 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). The summary judgment movant bears the burden of proof to negate the nonmovant's assertion of suspension under § 16.063. *See Ray v. O'Neal,* 922 S.W.2d 314, 317 (Tex.App.—Fort Worth 1996, writ denied); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975).

The summary judgment evidence presented shows that the Brown entities and D.H. Morgan were nonresidents and were not present in Texas on the date the cause of action accrued. However, the Brown entities did not file their own summary judgment proof, but filed stipulations as part of Howard's summary judgment proof. Howard asserts that for this reason, the Brown entities have failed to meet their burden of proof to negate the assertion of suspension.

When read literally and narrowly, *Ray* and *Zale* require the movant to establish in its own summary judgment evidence sufficient facts to negate the nonmovant's assertion of suspension due to absence. *See Ray,* 922 S.W.2d at 317; *Zale,* 520 S.W.2d at 891. However, a logical reading of the cases establishes each parties' burden of proof, but does not mandate the source of such proof. Accordingly, if the record contains summary judgment evidence negating the application of § 16.063, such would be sufficient to satisfy the movant's burden of proof, regardless whether the proof is attached to the nonmovant's response to the motion for summary judgment. In fact, *Ray* also states that "there must be evidence from which the fact finder might reasonably conclude that the defendant had not, in the aggregate, been in the state the full statutory period." *Ray,* 922 S.W.2d at 317. In this case, although the Brown entities' affidavit was attached to Howard's response to the motion for summary judgment, the Brown entities were still the origin of the negating information. Therefore, the running of the statute of limitation was not tolled as to the nonresident defendants pursuant to § 16.063. Howard's second point of error is overruled.

The trial court did not err by granting summary judgment as to these defendants. The judgment is affirmed.