DeMOSS, Circuit Judge,
with whom JERRY E. SMITH, Circuit Judge, joins in dissenting:
This case appears before our Court based on our diversity jurisdiction. We are, therefore, duty-bound to apply state law in resolving the appeal. The law of the State of Texas clearly calls for reversal. If for no other reason, the judgment below should be reversed because all of Luker’s and Rucker’s claims are barred by limitations.
Texas statutory law requires that personal injury lawsuits be filed within two years of the accrual of the cause of action. See Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986 & Supp.1999). A cause of action accrues at the time a wrongful act causes some legal injury, regardless of when that injury is discovered. See, e.g., S.V. v. R.V., 933 S.W.2d 1, 4 (Tex.1996). In a comprehensive review and restatement of the law relating to the statute of limitations, the Supreme Court of Texas distilled the following rule from its previous holdings: “accrual of a cause of action is deferred in cases of fraud or in which the wrongdoing is fraudulently concealed, and in discovery rule cases in which the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred but may be objectively verified.” Id. at 6.
The jury in this case specifically found that Luker and Rucker failed to file then-lawsuits within two years of the date they first suffered some injury as a result of riding in the short-nose coal haulers. Luker’s and Rucker’s claims are therefore time-barred unless they can invoke an exception to the operation of the Texas statute of limitations. The jury determined that Euclid did not fraudulently conceal any wrong; and therefore Luker and Rucker can evade the statute of limitations if, and only if, this case falls within the limited set of circumstances in which the discovery rule applies.
*181 The discovery rule only applies if the nature of the injury is “inherently undis-cover able” and the injury itself is “objectively verifiable.” E.g., HECI Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex.1998); Childs v. Haussecker, 974 S.W.2d 31, 36 (Tex.1998); S.V., 933 S.W.2d at 6; Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453, 456 (Tex.1996). These requirements “balance the conflicting policies in statutes of limitations: the benefits of precluding stale or spurious claims versus the risks of precluding meritorious claims that happen to fall outside an arbitrarily set period.” S.V., 933 S.W.2d at 6. Although the jury in this case purported to determine that the plaintiffs’ injuries met both of these criteria, the history of the application of the discovery rule by the Supreme Court of Texas clearly demonstrates, as a matter of law, that neither the wrong nor the injuries in this case were objectively verifiable.
An objectively verifiable injury exists where “the presence of injury and the producing wrongful act cannot be disputed.” Howard v. Fiesta Tex. Show Park, Inc., 980 S.W.2d 716, 720 (Tex.App.—San Antonio 1998, pet. denied). The injury must be proved by “direct, physical evidence.” Hay v. Shell Oil Co., 986 S.W.2d 772, 776 (Tex.App.—Corpus Christi 1999, pet. filed). The paradigmatic example of the type of evidence necessary to objectively verify the wrong and the injury was provided in Gaddis v. Smith, 417 S.W.2d 577 (Tex.1967), in which doctors were sued for negligence in leaving a sponge inside the body of a patient. The presence of the sponge in the patient and the explanation for how the sponge came to be in the patient’s body were self-evident and based on direct, physical evidence. In contrast, the prime example of a case in which the discovery rule does not apply for lack of objective verification is Robinson v. Weaver, 550 S.W.2d 18 (Tex.1977). The plaintiffs claim stemmed from alleged misdiagnosis of a back condition. Faced with the task of proving both a mistake in professional judgment and that such mistake was negligent, the plaintiff could not take advantage of the discovery rule. Expert testimony would have been required to prove that case, and the court concluded that expert testimony did not supply the required objective verification of wrong and injury. See Robinson, 550 S.W.2d at 21; see also S.V., 933 S.W.2d at 7. “[T]he bar of limitations cannot be lowered for no other reason than a swearing match between parties over facts and between experts over opinions.” S.V., 933 S.W.2d at 15.
The case now before our Court is indistinguishable from Robinson. It features a factual dispute about the existence and extent of vibration in short-nose coal haulers and other heavy equipment. Even more to the point, however, the case features a dispute among experts as to whether injury exists, and if so whether it was caused by the excessive vibration of the short-nose coal hauler. Dr. Aprill, a radiologist and an expert witness for the plaintiffs, provided the only testimony supporting the plaintiffs’ claims of injury. He discovered “endplate infractions” in the plaiptiffs’ spines by studying MRI scans of the plaintiffs’ backs. Dr. Gallman, also a radiologist and an expert witness for the defense, testified that he had never seen or heard of the term “endplate infraction.” He believes that Dr. Aprill coined the term especially for use in this litigation. Dr. Gallman further testified that he had reviewed the plaintiffs’ MRIs and found no abnormalities. Instead, he testified that the phenomenon termed “endplate infraction” by Dr. Aprill is “extremely common,” having “no significance” and seen “every day on multiple studies of patients from all walks of life.” This assessment was supported by Dr. Pope, another defense witness who is a leading authority and a distinguished professor in the areas of biomedical engineering, orthopedic surgery, preventative medicine, and mechanical engineering. On cross-examination, Dr. Aprill conceded that different radiolo *182 gists could draw different conclusions from an MRI.
There has been no objective verification of the plaintiffs’ injuries, as is required to invoke the discovery rule. Like Robinson, the plaintiffs’ case absolutely relies on expert testimony to establish both wrong and injury. Like Robinson, this case features a swearing match among experts which touches not only the cause of injury but even the fact of injury. By conceding that different radiologists could draw different conclusions from the MRIs, Dr. Aprill established that the evidence of injury in this case is subjective, not objective; it all depends on who reads the MRI. In such a case, the Supreme Court of Texas would not permit application of the discovery rule. It is our obligation to apply the same rule in the exercise of our diversity jurisdiction.
For these reasons, as well as the other reasons articulated in my dissent from the panel opinion, see 158 F.3d at 277-91, I would hold that Euclid’s motion for judgment as a matter of law on the grounds the claims were barred by the Texas two-year statute of limitations should have been granted. I, therefore, respectfully dissent.