Opinion issued May 19, 2005









     





In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00102–CV




TIG INSURANCE COMPANY AND SAFETY LIGHTS COMPANY,
Appellants

V.

VIA NET, U.S. DELIVERY SYSTEMS HOUSTON, U.S. DELIVERY
SYSTEMS, INC., AND CORPORATE EXPRESS, INC., Appellees




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2001-62729




O P I N I O N

          Appellants, TIG Insurance Company (“TIG”) and Safety Lights Company, sued
appellee, Via Net, and its corporate affiliates, appellees, U.S. Delivery Systems
Houston, U.S. Delivery Systems, Inc., and Corporate Express, Inc.


 for various causes
of action, including breach of contract and fraud, based on appellees’ failure to add
Safety Lights as an additional insured on a liability policy. In one issue, appellants
complain that the trial court erred in granting a take-nothing summary judgment
against them based on appellees’ affirmative defense of statute of limitations.
          We reverse and remand.
Factual and Procedural Background
          Via Net was a vendor for Safety Lights during the time period at issue in this
case. Also during that time, Safety Lights had a company policy, which required its
vendors to add Safety Lights as an additional insured on the vendor’s liability policy. 
On March 19, 1996, a Safety Lights representative sent a letter to Via Net, stating that
Via Net was required to provide a certificate of insurance, evidencing that Safety
Lights had additional insured status under Via Net’s coverage. Later, another Safety
Lights representative called Via Net and informed it that, in order to remain an active
vendor with Safety Lights, it was required to add Safety Lights as an additional
insured under its coverage. 
          Lumbermens Mutual Casualty Company (“Lumbermens”) issued a commercial
general liability (“CGL”) policy, providing coverage to Via Net for the period of
February 28, 1997 through February 28, 1998. At some point, Safety Lights received
a certificate of insurance, dated February 28, 1997, from Sedgwick James of
Washington (“Sedgwick”), an insurance broker authorized to enter into binders on
behalf of Lumbermens. The certificate of insurance was issued to Safety Lights as
“holder.” The certificate lists Via Net and U.S. Delivery, subsidiaries of Corporate
Express, as insureds under the Lumbermens policy. The top of the certificate
provides, “This certificate is issued as a matter of information only and confers no
rights upon the certificate holder. This certificate does not amend, extend or alter the
coverage afforded by the policies below.” The bottom of the certificate provides,
“Certificate holder [Safety Lights] is added as additional insured re: general liability.” 
          On June 25, 1997, Guy Wright, an employee of either Via Net or U.S. Delivery,
was injured while delivering a steel plate to Safety Lights. Based on his injuries,
Wright brought suit against Safety Lights. On October 27,1997, Safety Lights’s
counsel sent a letter to Sedgwick, requesting defense and indemnity in the Wright
litigation based on the certificate of insurance. On December 9, 1997, Safety Lights
received a letter from a representative of Lumbermens, informing Safety Lights that
it was not an additional insured under the Lumbermens CGL policy. 
          Safety Lights and its insurer, TIG, settled the Wright litigation on November
16, 1999 for $235,000. Safety Lights incurred defense costs in that litigation of
$38,685.02, which were also paid by TIG. 
          In February 1999, Safety Lights and TIG brought suit against Sedgwick and 
Lumbermens, asserting various claims and seeking a declaration that Lumbermens
was obligated to defend and indemnify Safety Lights in the Wright litigation. The
United States District Court for the Southern District of Texas, the Honorable Nancy
Atlas presiding, granted summary judgment in favor of Sedgwick and Lumbermens
on January 26, 2001.


 Judge Atlas concluded, inter alia, that Safety Lights was not
entitled to insurance coverage by virtue of the certificate of insurance and that Safety
Lights’s and TIG’s claims for negligent and fraudulent misrepresentations fail as a
matter of law because it was not reasonable for Safety Lights to believe that it had
coverage based on Sedgwick’s representation of coverage in the certificate.



          Safety Lights and TIG, under its subrogation rights, filed the instant action
against appellees on December 7, 2001, asserting causes of action for breach of
contract, negligence, deceptive trade practices, fraud, and negligent
misrepresentation. The suit was premised on appellees’ alleged failure to add Safety
Lights as an additional insured on the Lumbermens policy. As damages, appellants
sought to recover “all sums paid in settlement and defense” of the Wright litigation. 
U.S. Delivery and Corporate Express filed answers in which they asserted the
affirmative defense of limitations. Each also filed a Rule 166a(c) motion for
summary judgment, asserting that appellants’ claims were time barred. 
          In their respective motions for summary judgment, appellees contended that the
alleged breach occurred “shortly after” March 1996. Appellees asserted that Safety
Lights should have discovered the alleged breach of contract when it received the
Sedgwick certificate of insurance. Appellees concluded that appellants’ breach of
contract claim is time barred because appellants waited more than four years from
receipt of the certificate to assert their cause against appellees. 
          In response, appellants abandoned their negligence, deceptive trade practices,
and negligent misrepresentation claims, but maintained that their fraud and breach of
contract claims were timely filed. Appellants disagreed that they should have
discovered the breach of contract when they received the certificate of insurance. 
Rather, appellants contended that Safety Lights could not have discovered the breach
until December 9, 1997, when Safety Lights received notification that it was not an
additional insured. Following a hearing on the motions, the trial court concluded that
appellants’ fraud and breach of contract claims were barred by the applicable statutes
of limitations, granted the motions for summary judgment on that basis, and signed
a take-nothing judgment in appellees’ favor. 
          In one issue, appellants challenge the granting of the motions for summary
judgment on their breach of contract claim.


 
Standard of Review
          The standard of review for a traditional summary judgment is well established: 
the movant must show there is no genuine issue of material fact and that it is entitled
to judgment as a matter of law; in deciding whether there is a disputed material fact
issue precluding summary judgment, the court must take evidence favorable to the
nonmovant as true; and the court must indulge every reasonable inference in favor of
the nonmovant and resolve any doubts in the nonmovant’s favor. See Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548–49 (Tex. 1985). A motion for summary judgment must stand or fall on the
grounds expressly presented in the motion. See McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 341 (Tex. 1993). We may not affirm or reverse a summary
judgment on a ground not presented to the trial court. Travis v. City of Mesquite, 830
S.W.2d 94, 99–100 (Tex. 1992); City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 677 (Tex. 1979). 
          A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to establish conclusively that defense as a matter of law. 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999). In this regard, the defendant must conclusively prove when the cause
of action accrued. Id. If it applies and has been pleaded or otherwise raised, the
defendant has the burden to negate the discovery rule. Id. The defendant may do so
by proving as a matter of law that there is no genuine issue of material fact about
when the plaintiff discovered, or in the exercise of reasonable diligence should have
discovered, the nature of its injury. Id. If the movant establishes that the statute of
limitations bars the action, the non-movant must then adduce summary-judgment
proof raising a fact issue in avoidance of limitations. Id. On appeal, the movant still
bears the burden of showing that there is no genuine issue of material fact and that
the movant is entitled to judgment as a matter of law. Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).
Discovery Rule



          The discovery rule is a limited exception to a statute of limitations and applies
only if the nature of the plaintiff’s injury is both inherently undiscoverable and
objectively verifiable. Computer Assocs. Int’l, Inc. v. Altai, Inc., 918 S.W.2d 453,
455 (Tex. 1996). If these two factors are met, then the discovery rule defers the
accrual of a cause of action until the plaintiff knew or, through the exercise of
reasonable diligence, should have known of the facts giving rise to the cause of
action. Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734 (Tex. 2001). Thus,
a summary-judgment movant can negate the discovery rule by showing that it does
not apply as a matter of law or by proving that there is no issue of material fact as to
when the plaintiff discovered or should have discovered the nature of the injury. 
Howard v. Fiesta Tex. Show Park, Inc., 980 S.W.2d 716, 719 (Tex. App.—San
Antonio 1998, pet. denied) (citing Burns v. Thomas, 786 S.W.2d 266, 267 (Tex.
1990) and Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 n. 2 (Tex. 1988)). 
Appellants contend that appellees failed to meet their summary-judgment burden of
proving, as a matter of law, that there is no genuine issue of material fact as to when
appellants discovered, or in the exercise of reasonable diligence should have
discovered, that appellees had breached the alleged agreement to add Safety Lights
as an additional insured.


 See Wagner & Brown, 58 S.W.3d at 734.
          The parties agree that, to comply with the applicable statute of limitations,
appellants’ breach of contract claim must have been brought within four years of the
date that the cause of action accrued. See Tex. Civ. Prac. & Rem. Code Ann. §
16.051 (Vernon 1997); see also id. § 16.004 (Vernon 2002). Generally, a cause of
action for breach of contract accrues on the date of the alleged breach. Stine v.
Stewart, 80 S.W.3d 586, 592 (Tex. 2002). But, if the discovery rule applies, the
accrual of a breach of contract claim is deferred until the plaintiff knew or, exercising
reasonable diligence, should have known of the breach and resulting injury. See
Wagner & Brown, 58 S.W.3d at 734; KPMG Peat Marwick, 988 S.W.2d at 749; see
also Wilson v. John Daugherty Realtors, Inc., 981 S.W.2d 723, 728 (Tex.
App.—Houston [1st Dist.] 1998, no pet.) (holding that summary judgment movant
did not conclusively negate discovery rule with regard to breach of contract claim). 
          In their respective motions for summary judgment, appellees asserted that
Safety Lights should have discovered the breach of contract when it received the
Sedgwick certificate of insurance. Appellants responded that Safety Lights could not
have reasonably discovered that it was not an additional insured until December 9,
1997, when Safety Lights received notification from Lumbermens that it was not an
additional insured under the policy.
          “Discovery” occurs when “a plaintiff had knowledge of such facts as would
cause a reasonably prudent person to make an inquiry that would lead to discovery
of the cause of action.” Hoover v. Gregory, 835 S.W.2d 668, 671 (Tex. App.—Dallas
1992, writ denied). Stated differently, when a plaintiff possesses sufficient facts that
would lead a reasonable person to make an inquiry, the plaintiff will be charged with
sufficient notice under the discovery rule. See Lopez v. Martin, 10 S.W.3d 790, 792
(Tex. App.—Corpus Christi 2000, pet. denied); L.C. v. A.D., 971 S.W.2d 512, 515
(Tex. App.—Dallas 1997, pet. denied); see also Prostok v. Browning, 112 S.W.3d
876, 898 (Tex. App.—Dallas 2003, pet. granted) (concluding that discovery rule
tolled limitation statutes until time plaintiffs had knowledge of facts that would have
led prudent person to make an inquiry). Accordingly, the discovery rule expressly
mandates that a plaintiff exercise reasonable diligence to discover facts concerning
the acts or omissions. Childs, 974 S.W.2d at 47; L.C., 971 S.W.2d at 515. Because
the rule requires reasonable diligence, the tolling of the limitations statute by the
discovery rule ends when the party claiming the benefits of the rule acquires
knowledge of facts, conditions, or circumstances that would cause a reasonable
person to make an inquiry leading to the discovery of the concealed cause of action. 
Stewart Title Guar. Co. v. Becker, 930 S.W.2d 748, 756 (Tex. App.—Corpus Christi
1996, writ denied); Bell v. Showa Denko K.K., 899 S.W.2d 749, 754 (Tex.
App.—Amarillo 1995, writ denied). 
          When Safety Lights discovered or should have discovered that appellees failed
to add it as an additional insured, and whether Safety Lights exercised due diligence
in so discovering, are questions of fact. See Wheeler v. Methodist Hosp., 95 S.W.3d
628, 637 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Southwestern Bell Media,
Inc. v. Lyles, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ
denied). But, if reasonable minds cannot differ about the conclusion to be drawn
from the facts in the record, then the start of the limitations period may be determined
as a matter of law. Childs, 974 S.W.2d at 44. 
          Assuming, without deciding, that the discovery rule applies to appellants’
breach of contract claim, we examine the record to determine whether appellees met
their evidentiary burden to conclusively establish that appellants did not file suit
within the applicable period after the date appellants discovered or should have
discovered appellees’ failure to add Safety Lights as an additional insured. That is,
we determine whether appellees proved as a matter of law that no genuine issue of
material fact exists about when Safety Lights discovered, or in the exercise of
reasonable diligence should have discovered, the nature of its injury. 
          It is undisputed that appellants sued appellees on December 7, 2001 and that
the statute of limitations for breach of contract is four years. Thus, to sustain their
burdens of proof, appellees were required to offer summary judgment evidence to
show, as a matter of law, that, before December 7, 1997, appellants knew or in the
exercise of reasonable diligence should have known that appellees had failed to add
Safety Lights as an additional insured. See Rhone-Poulec, 997 S.W.2d at 224. 
Because this is a summary judgment proceeding, we make all reasonable inferences
and resolve all doubts in appellants’ favor with regard to the summary judgment
evidence. M.D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). 
          Appellees offered the Sedgwick certificate of insurance to support their
summary–judgment contention that Safety Lights should have discovered appellees’
failure to add Safety Lights as an additional insured when Safety Lights received the
certificate. According to appellees, the certificate establishes conclusively that, in the
exercise of reasonable diligence, appellants should have discovered the nature of their
injuries as early as February 1997 but no later than October 1997.


 In particular,
appellees rely on the following language of the certificate: “This certificate is issued
as a matter of information only and confers no rights upon the certificate holder. This
certificate does not amend, extend or alter the coverage afforded by the policies
below.” Appellees contend that this language would have caused a prudent person
to inquire whether appellees had added Safety Lights as an additional insured. If
Safety Lights had so inquired, then it would have learned that appellees had failed to
add it as an additional insured.
          We do not agree that Safety Lights’s receipt of the certificate of insurance
establishes as a matter of law that, in the exercise of reasonable diligence, appellants
should have known that appellees had breached the alleged agreement to have Safety
Lights made an additional insured on appellees’ policies. Appellees’ reading of the
certificate considers neither the purpose of the certificate nor its other language. 
Stated simply, appellees do not provide a contextual reading of the cited disclaimer
language. In this regard, it is useful to understand the purpose of insurance
certificates. 
          A certificate of insurance is a document issued by or on behalf of an insurance
company to a third party who has not contracted with the insurer to purchase an
insurance policy. 1 Allan D. Windt, Insurance Claims and Disputes § 6.37A
at 809 (4th ed. 2001); see also Black’s Law Dictionary 240 (8th ed. 2004)
(defining certificate of insurance as document acknowledging that insurance policy
has been written, and setting forth in general terms what policy covers). One noted
insurance law commentator, Allan Windt, explains that the most common type of
certificate is that provided for informational purposes to advise a third party of the
existence and amount of insurance issued to the named insured. 1 Allan D. Windt,
Insurance Claims and Disputes at 809. Such informational certificates are usually
issued in conjunction with a contractual relationship between a third party and the
named insured, requiring that the named insured have a particular amount and type
of insurance. Id. In addition to describing the insurance available to the named
insured, Windt points out that a certificate may also convey information that the
certificate holder is an additional insured under the policy issued to the named
insured.


 Id. at 809–10. Indeed, the certificate here provides that “Certificate holder
[Safety Lights] is added as additional insured re: general liability.” 
          With regard to general liability coverage, the Sedgwick certificate informs the
holder that the Lumbermens CGL policy is an occurrence, rather than a claims–made
policy. The certificate gives the policy number, effective dates for the liability
coverage, and lists the various coverage limits under the policy. The certificate
indicates that Via Net and U.S. Delivery, as subsidiaries of Corporate Express, are the
primary insureds. 
          In addition to the provision relied on by appellees that the certificate was issued
as a matter of information only, conferred no rights upon Safety Lights, and did not
amend, extend, or alter the coverage afforded by the policies listed, the certificate also
contains the following disclaimer provision under the heading “Coverages”:
This is to certify that policies of insurance listed below have been issued
to the insured named above for the policy period indicated.
Notwithstanding any requirement, term or condition of any contract or
other document with respect to which this certificate may be issued or
may pertain, the insurance afforded by the policies described herein is
subject to all of the terms, exclusions and conditions of such polices. 
When read contextually, the focus of the certificate’s disclaimer language, in both the
provision relied on by appellees and the provision under the heading “Coverages,”
could be construed as a warning to the certificate holder, i.e., Safety Lights, that the
coverage information described in the certificate may not be the same as the coverage
actually provided by the applicable policy. When viewed in the light most favorable
to appellants, and in context of the certificate as a whole, the disclaimer language on
which appellees rely could reasonably be interpreted to mean that, as an additional
insured, Safety Lights had the same coverage as the primary insureds on the policy,
subject to the policy’s terms, exclusions, and conditions. Cf. Pekin Ins. Co. v. Am.
Country Ins. Co., 213 Ill. App.3d 543, 548, 157 Ill. Dec. 648, 651, 572 N.E.2d 1112,
1115 (1991) (relying on same disclaimer language as in this case, court held that
certificate of insurance served to inform undisputed additional insured that it had
same coverage as named insured, subject to terms and exclusions of policy, regardless
of whether certificate indicated greater coverage than actually provided under policy). 
          Making a reasonable inference in favor of appellants, as we must, the
disclaimer language found in the certificate of insurance, including that cited by
appellees, serves to warn Safety Lights that coverage may be different in the policy
than that listed in the certificate. And, it serves to warn Safety Lights that, to the
extent that there is a conflict regarding coverage, the policy’s language will control. 
Warning a certificate holder that the coverage identified in the certificate may not be
the same as the coverage in the policy, is not synonymous with warning a certificate
holder that it may not be an additional insured.


 This is particularly true when, as
here, the certificate holder receives the certificate as proof that it had been made an
additional insured and when the certificate expressly states that the certificate holder
is an additional insured. Thus, a plausible, alternative reading of the certificate is
available under which Safety Lights would not have been alerted to its lack of
additional insured status. To the contrary, the fact that it was being warned by
Sedgwick about possible coverage discrepancies between the certificate and the
policy may have served to reaffirm Safety Lights’s belief that it was insured.


 In any
event, reasonable minds could differ whether the certificate served to put Safety
Lights on notice that it should further inquire into its additional insured status.
                                                         Conclusion
          Viewing the evidence as required, we conclude that appellees did not meet
their respective summary judgment burdens to show, as a matter of law, that no
genuine issue of material fact exists regarding when Safety Lights discovered, or in
the exercise of reasonable diligence should have discovered, that it had not been
named as an additional insured on the Lumbermens CGL policy.


 For this reason,
we hold that the trial court did not properly grant appellees’ motions for summary
judgment. 
          We sustain appellants’ sole issue. Accordingly, we reverse the judgment of the
trial court and remand for further proceedings.




                                                                                  Laura Carter Higley
                                                                                  Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.